PROPOSED ORDER
[Granting Temporary Stay, Briefing Schedule]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> **THE IT GROUP, INC.,** *et al.* <br><br> Post-Confirmation Estate. <br>_____ <br><br> **JOHN ACCARDI,** *et al.,* <br><br> Movants/Appellants, <br><br> v. <br><br> **IT LITIGATION TRUST, successor in interest to IT CORPORATION, IT GROUP, INC., and their subsidiaries in bankruptcy, ANTHONY DeLUCA, FRANCIS HARVEY, HARRY SOOSE, and CARLYLE PARTNERS II, LP,** *et al.,* <br><br> Respondents/Appellees. <br>_____ <br><br> **ROCHELLE BOOKSPAN**, <br><br> Movant/Appellant, <br><br> v. <br><br> **IT LITIGATION TRUST, successor in interest to THE IT GROUP, INC.,** *et al.,* <br><br> Respondents/Appellees. | Chapter 11 <br><br> Bankruptcy Case No. 02-10118 (MFW) <br><br> Jointly Administered <br><br><br><br> Civ. No: 04-146 (JJF) (lead case) <br> [consolidated with Civ. No. 04-147 (JJF)] |

**ORDER GRANTING EMERGENCY *EX-PARTE* REQUEST OF THE ACCARDI APPELLANTS AND ROCHELLE BOOKSPAN FOR TEMPORARY STAY OF ORDER RELEASING TRUSTEE FROM RESERVE ORDER AND AUTHORIZING DISTRIBUTION OF SCHEDULE C-1 RESERVE, AND FOR ORDER SETTING BRIEFING SCHEDULE**

With respect to the *ex parte* motion for immediate emergency relief and the entry of a briefing order in the emergency motion captioned: "Emergency *Ex-Parte* Request of the Accardi Appellants and Rochelle Bookspan for Temporary Stay of Order Releasing Trustee From Reserve Order and Authorizing Distribution of Schedule C-1 Reserve, and for Order Setting

Expedited Briefing Schedule; Motion for Stay, Pending Appeal, of Enforcement of Orders Dismissing Adversary Proceedings, of Order Releasing Trustee From Reserve Order and Authorizing Distribution of Schedule C-1 Reserve; Request in the Alternative for Temporary Stay Pending Filing of Request for Emergency Stay with United States Court of Appeals for the Third Circuit (the "Emergency Motion"), filed on October 11, 2005, by twenty-nine claimants (*John Accardi, et al.*), and Rochelle Bookspan (collectively, the "Accardi Appellants"), and the Court having considered the Emergency Motion, the exhibits and other evidence attached thereto, and having jurisdiction to hear the Emergency Motion under Federal Rule of Bankruptcy Procedure 8005; and it appearing that sufficient notice of the Emergency Motion having been given, the Court finds that there is insufficient time for the parties to file their arguments with respect to the Emergency Motion; that a reserve order was entered by the United States Bankruptcy Court, District of Delaware on July 8, 2004 ("Reserve Order"), in the bankruptcy case of the IT Group, Inc. (Case No. 02-1-0118 (MFW)), that requires Alix Partners LLC, trustee of the IT Litigation Trust ("IT Trustee") to reserve for the alleged priority and secured claims of the Accardi Appellants in the amount of $3,146,427.83 ("Schedule C-1 Reserve"); that per order entered October 7, 2005 (D.I. 6332) the Bankruptcy Court granted the motion of the IT Trustee to, among other things, modify the Reserve Order ("Reserve Motion") to provide that the Trustee no longer needs to maintain the Schedule C-1 Reserve and that any funds therein may be distributed by the Trust in accordance with the Joint Plan confirmed April 5, 2004, and provides further additional relief ("Reserve Modification Order"); that the Bankruptcy Court entered a temporary 10 day stay of the Reserve Modification Order in its entirety, which expires after October 17, 2005; and after deliberation thereon and good and sufficient cause showing, it is hereby:

      **ORDERED** that the "IT Trustee" shall be and hereby is stayed from (a) releasing the "Schedule C-1 Reserve" and shall continue to maintain said reserve, and from (b) distributing the funds constituting the Schedule C-1 Reserve in accordance with the Joint Plan, pending further order of this Court after briefing; and it is further

      **ORDERED** that opposition to the Emergency Motion shall be filed on or before October ____, 2005; a reply shall be filed on or before October ____, 2005.  Thereafter the Court will determine whether oral argument is necessary in this matter.

October ____, 2005

                                              _____
                                                  Honorable Joseph J. Farnan, Jr.
                                                  United States District Court Judge