**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

In re:

**THE IT GROUP, INC., *et al.***

Post-Confirmation Estate.

Chapter 11

Bankruptcy Case No. 02-10118 (MFW)

Jointly Administered

**JOHN ACCARDI, *et al.*,**

Petitioners/Appellants,

v.

**IT LITIGATION TRUST, successor in interest to IT CORPORATION, IT GROUP, INC., and their subsidiaries in bankruptcy, ANTHONY DeLUCA, FRANCIS HARVEY, HARRY SOOSE, and CARLYLE PARTNERS II, LP, *et al.*,**

Respondents/Appellees.

Civ. No: 04-146 (JJF) (lead case)
[consolidated with Civ. No. 04-147 (JJF)]

**ROCHELLE BOOKSPAN**,

Petitioner/Appellant,

v.

**IT LITIGATION TRUST, successor in interest to THE IT GROUP, INC., *et al.*,**

Respondents/Appellees.

**EXHIBITS 1-26 INCLUDING DECLARATION OF DR. JAMES MAHONEY; DECLARATION OF THOMAS A. JOHNSON; REQUEST FOR JUDICIAL NOTICE**

[Pages 36 - 336]

# TABLE OF CONTENTS

Declaration of Thomas A. Johnson 36

Request for Judicial Notice 44

**Exhibit**

1. IT Corporation Deferred Compensation Plan 046

2. IT Corporation Master Trust Agreement for Deferred Compensation Plans 066

3. Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to the Joint Chapter 11 Plan for the IT Group, Inc. and its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors 086

4. Amended Proof of Claim and Proof of Claim of Rochelle Bookspan 095

5. Second Amended and Restated Complaint Inter Alia to Recover Benefits Due Under the Terms of a Plan (29 U.S.C. § 1132(A)(1)(B)); to Enforce Participants' Rights Under the Terms of the Plan and Trust (29 U.S.C. § 1132(A)(1)(B); Breach of Fiduciary Duties (29 U.S.C. § 1132(A)(2), (A)(3), And to Obtain Other Relief 106

6. Order – dated February 3, 2004 156

7. Order – dated February 3, 2004 158

8. Opinion – dated February 3, 2004 161

9. First Amended Joint Chapter 11 Plan for the IT Group, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors 183

10. Motion By the IT Litigation Trust Trustee for Authorization to (i) Reduce the Payable Amount of Certain Paid Claims, (ii) Reduce the Reserve Amount for Certain Setoff Claims, and (iii) Set a Maximum Reserve Amount for All Unresolved Secured, Administrative and Priority Claims 190

11. Demonstrative Exhibit Summarizing IT Trustee's Voluntary Reserve 193

12. Affidavit of Harry J. Soose, Jr., in Support of Motion to Dismiss 225

13. Order Granting Motion By the IT Litigation Trust Trustee for Authorization to (I) Reduce the Payable Amount of Certain Paid Claims, (II) Reduce the Reserve Amount for Certain Setoff Claims, and (iii) Set A Maximum Reserve Amount for All Unresolved Secured, Administrative and Priority Claims 229

14. Final Order 236

15. Notice of Appeal 247

16. The IT Litigation Trust Trustee's (I) Motion to Modify the Reserve Order With Respect to Claims of Accardi Claimants and (II) Renewed Objection to Motion of Accardi Claimants to Consolidate Proofs of Claim With the Accardi Adversary Proceeding, for Order that No Appeal is Required With Respect to Any Order sustaining the Trustee's 26th Omnibus Claim Objection, and to Stay Enforcement of Judgment of Dismissal 253

17. Appellees' Consolidated Brief 258

18. Transcript of Hearing Before Honorable Mary F. Walrath United States Bankruptcy Judge 262

19. Motion of the IT Litigation Trust Trustee for an Order Authorizing First Distribution to Holders of Allowed General Unsecured Claims And Approving a Distribution Matrix of General Unsecured Creditors 295

20. Order (I) Sustaining the IT Litigation Trust Trustee's Twenty-Sixth Omnibus Objection: Substantive Objections Pursuant to 11 U.S.C. §§ 502, 503(b), 506 and 507(a) and Fed. R. Bankr. P. 3001 and 3007 to the Claims of the Accardi Claimants Reclassifying Such Claims As General Unsecured Claims, (II) Granting the Accardi Claimants' Motion To Consolidate Proofs of Claim With Accardi Adversary Proceeding, (III) Granting the IT Litigation Trust Trustee's Motion to Modify Reserve Order Dated June 4, 2004, and (IV) Denying Accardi Claimants' Motion For Stay Pending Appeal 301

21. Debtors' Responses to Interrogatories of Rochelle Bookspan 309

22. Declaration of James Mahoney 315

23. House Conference Report 100-495 320

24. Pension Protection Act of 1987, P.L. 100-203 Sec. 9303 326

25. Local Appellate Rule 27.7, United States Court of Appeals for the Third Circuit 330

26. *In re Columbia Gas Sys., Inc.*, 1992 U.S. Dist. Lexis 3253 (D. Del. 1992) 333

I, **Thomas A. Johnson**, hereby declare as follows:

1. I am over the age of 18. If called upon to testify in this matter, I could and would competently testify as to the facts set forth herein, except as to those matters stated to be based up information and belief.

2. Attached immediately following my declaration is a Request for Judicial Notice.

3. Attached hereto as Exhibit 1 is a true and correct copy of pertinent pages of the IT Corporation Deferred Compensation Plan, Eff. 1/1/1996 (hereinafter the "DCP"), and as Exhibit 2 the IT Corporation Master Trust Agreement for Deferred Compensation Plans, Eff. 1/1/1996 (hereinafter the "Trust").

4. The IT Group, Inc. (hereinafter referred to as "IT Group"), IT Corporation, and 68 subsidiaries filed chapter 11 petitions on January 16, 2002 ("Petition Date").

5. Attached hereto as Exhibit 3 is a true and correct copy of pertinent pages of the disclosure statement (hereinafter the "Disclosure Statement") for the First Amended Joint Chapter 11 Plan for the IT Group, Inc., and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors (hereinafter the "Joint Plan"). The Disclosure Statement was approved with modifications by the Bankruptcy Court. The Disclosure Statement ultimately mailed to creditors contemplates a one percent (1%) distribution to thousands of unsecured creditors and payment in full of allowed priority claims under 11 U.S.C. § 507.

6. Attached hereto as Exhibit 4 is a true and correct copy of pertinent pages of Rochelle Bookspan's (hereinafter "Bookspan") proof of claim filed July 12, 2002, and of her amended proof of claim filed December 3, 2003.

7. On July 23, 2002, the IT Group filed a complaint against Bookspan for declaratory relief initiating an adversary proceeding before the United States Bankruptcy Court, District of Delaware (hereinafter the "*Bookspan Proceeding*"), seeking a declaration that Bookspan had no

interest in a $500,000 account created in a sale order entered in the bankruptcy case in April 2002, selling substantially all of the assets of the company to the Shaw Group.

8. On September 4, 2002, 26 Claimants, including Bookspan, filed a complaint, initiating an adversary proceeding before the same Bankruptcy Court (hereinafter the "*Accardi Proceeding"*). Three more Claimants later joined, for a total of 29 plaintiffs (hereinafter the "Accardi Claimants" with reference to matters occurring before the Bankruptcy Court, and the "Accardi Appellants" with reference to matters occurring before the District Court).

9. Attached hereto as Exhibit 5 is a true and correct copy of pertinent pages of the second amended complaint filed by the Accardi Claimants in the Accardi Proceeding, on March 12, 2003. I am informed and believe that International Technology Corp. changed its' name to the IT Group in December 1998.

10. On March 18, 2003, Bookspan filed second amended counterclaims against the IT Group in the Bookspan Proceeding, simply attaching the second-amended complaint filed in the *Accardi Proceeding*.

11. On March 27, 2003, the defendants in the *Accardi Proceeding* filed a renewed consolidated motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim; the IT Group filed an identical renewed motion to dismiss in the *Bookspan Proceeding*.

12. In January 2004, the Trustee filed over 1,000 preference actions.

13. Attached hereto as Exhibits 6, 7, and 8 are true and correct copies of the orders and the opinion that the Bankruptcy Court filed on February 3, 2004, dismissing the *Accardi Proceeding* and *Bookspan Proceeding* with prejudice. The same opinion was entered in the *Bookspan Proceeding*.

14. On February 11, 2004, the *Accardi Claimants* and Bookspan each filed notices of appeal to the District Court in their respective cases.

15. Attached hereto as Exhibit "9" is a true and correct copy of pertinent pages of the Joint Plan confirmed by the Bankruptcy Court on April 6, 2004. At the confirmation hearing, counsel for the Official Committee of Unsecured Creditors represented that allowed priority claims would be paid in full as they were not allowed to vote in favor of or against the Joint Plan.

16. Attached hereto as Exhibit "10" is a true and correct copy of pertinent pages of the Trustee's motion to, among other things, set the maximum reserve amount for all "unresolved" secured, administrative, and priority claims, filed on June 8, 2004. Attached as Exhibit "11" is a true and correct copy of pertinent exhibit pages from the reserve motion that lists the Accardi Claims that the IT Trustee voluntarily offered to reserve, along with a demonstrative exhibit summarizing the amount voluntarily reserved ($2,037,626) for my clients' Priority Claims. At the hearing on this motion, the Accardi Claimants submitted updated information showing unpaid benefits per statements of account and proofs of claim for the 65 participants, which totaled over $3.1 million.

17. Attached at Exhibit "12" is a true and correct copy of the Affidavit of Harry Soose filed on or about November 18, 2002, in connection with the Appellees' consolidated motion to dismiss the first amended complaint.

18. Attached at Exhibit "13" is a true and correct copy of pertinent pages of the Bankruptcy Court's reserve order, requiring that $3,146,427.93 plus interest be reserved (referred to as the "Schedule C-1 Reserve"), filed July 28, 2004.

19. On March 31, 2005, the District Court consolidated the *Bookspan Appeal* with the *Accardi Appeal*, with the latter as the lead case. (D.I. # 31) Attached at Exhibit "14" is a true and correct copy of the District Court's order and opinion affirming the lower court's decision dismissing the appeal, also entered on March 31, 2005.

20. On April 8, 2005, the Trustee filed its 26th Omnibus Objection with the Bankruptcy Court objecting to Bookspan's Priority Claim # 6951 ("Claim Objection"), on the grounds that the District Court had affirmed the lower court.

21. Attached at Exhibit "15" is a true and correct certified copy of the notice of appeal that the *Accardi Appellants* and Bookspan filed on April 15, 2005, with respect to the District Court's order and opinion. (D.I. # 34) The U.S. Court of Appeals for the Third Circuit assigned this appeal No. 05-2191 (hereinafter the "Third Circuit Appeal").

22. On April 21, 2005, the *Accardi Claimants* filed a motion for stay pending appeal with the lower court (hereinafter the "Motion for Stay"). Before the hearing on this motion and the Claim Objection on May 10, 2005, and for several months thereafter, the parties tried to negotiate an interim distribution of the Schedule C-1 Reserve with a re-reserve if the Movants succeed on appeal, but could not reach an agreement. At a hearing on a disputed interim order on July 27, 2005, the Bankruptcy Court continued the Claim Objection to September 6, 2005. On August 10, 2005, the *Accardi Claimants* re-filed the Motion for Stay as the lower court omitted mention of continuing it to September 6, 2005 as well.

23. On August 17, 2005, the Trustee moved in the Bankruptcy Court to a) make a distribution to creditors ("Distribution Motion") (D.I. # 6230) of $5,176,227, the so-called "Available Funds" which did not include the Schedule C-1 Reserve.

24. Attached as Exhibit "16" is a true and correct copy of the Trustee's motion to modify the Reserve Order to eliminate the requirement that the Trustee maintain the Schedule C-1 Reserve (hereinafter the "Motion to Modify Reserve"), filed on August 17, 2005. (D.I. # 6232).

25. All briefing before the Court of Appeals with respect to the Third Circuit Appeal was complete by August 25, 2005. Attached hereto as Exhibit "17" is a true and correct copy of

pertinent pages of the IT Trustee's Opposition Brief, where the Trustee admitted that the Standard of Review applied by both lower courts was erroneous. (Ex. "17")

26. Attached hereto as Exhibit "18" is a true and correct copy of pertinent pages of the Transcript of the hearing on September 6, 2005.

27. Attached hereto as Exhibit "19" is a true and correct copy of pertinent pages of the IT Trustee's motion to distribute $5,176,227 in "Available Funds." The Trustee's counsel, Ms. Ileana Cruz, Esq., represented to the Court at the hearing on September 6, 2005, that the funds constituting the Schedule C-1 Reserve was not included in the above "Available Funds."

28. Attached hereto as Exhibit "20" is a true and correct copy of order entered by the Bankruptcy Court on October 7, 2005. The reasons for denial of the Motion for Stay are found in this order and in the transcript.

29. Attached hereto as Exhibit "21" is a true and correct copy of pertinent pages of discovery responses provided by the Debtors in pre-litigation discovery conducted in the bankruptcy case, noting that the members of the administrative committee of the DCP "consist[ed] of incumbents from the following management positions" at the IT Group including the "Chief Financial Officer" of the IT Group and all its subsidiaries, per policy set in 1996; and that Harry Soose was appointed to the Committee in August 1999.

30. Attached hereto as Exhibit "22" is a true and correct copy of the declaration of Dr. James Mahoney that was filed on August 18, 2005, in support of the Accardi Claimants motion for stay pending appeal filed with the Bankruptcy Court.

31. Attached hereto as Exhibit "23" is a true and correct copy of pertinent pages of the Pension Protection Act of 1987, Subtitle D of Title IX of the Omnibus Budget Reconciliation Act of 1987, Pub. L. No. 100-203, §§ 9301-9346, 101 Stat. 1330, 1330-331-1330-374 (Dec. 22, 1987).

32. Attached hereto as Exhibit "24" is a true and correct copy of pertinent pages of House Conference Report 100-495, relating to the Pension Protection Act of 1987.

33. Attached hereto as Exhibit "25" is a true and correct copy of pertinent pages of Local Appellate Rule 27.7 for the United States Court of Appeals for the Third Circuit.

34. Attached hereto as Exhibit "26" is a true and correct copy of *In re Columbia Gas System, Inc*., 1992 U.S. Dist. Lexis 3253 (D. Del. 1992).

**Nature of Emergency:**

35. On March 31, 2005, the District Court consolidated the appeals *Accardi et al. v. IT Litigation Trust* (Civ. No. 04-146; the "*Accardi Appeal"*—lead case) and *Rochelle Bookspan v. IT Litigation Trust* (Civ. No. 04-147; the *"Bookspan Appeal"*), and entered its order and opinion affirming the United States Bankruptcy Court's dismissal of the *Accardi Proceeding* and *Bookspan Proceeding* with prejudice. The District Court agreed with the lower court that the IT Corporation Deferred Compensation Plan ("DCP") is an unfunded top-hat plan. The *Accardi Appellants* appealed to the United States Court of Appeals for the Third Circuit (No. # 05-2191) ("Third Circuit Appeal"), where all briefing is complete.

36. Since then, on October 7, 2005, the Bankruptcy Court entered an order in the Debtors' bankruptcy case sustaining a claim objection filed by the IT Trustee disallowing a secured and priority proof of claim, # 6951, filed by Bookspan (one of seven "Priority Claims" for unfunded contributions allegedly owing the DCP under ERISA), estimated to be at least $3,146,427.93 plus interest, leaving the proof of claim with unsecured status. This proof of claim asserts claims identical to certain Claims for Relief found in the second amended complaint and second amended counterclaims filed in the *Accardi*- and *Bookspan-Proceedings*, respectively, that were dismissed in February 2004, as noted *supra*.

37. The Bankruptcy Court also authorized interim relief, a change of the *status quo* that had been in place for the last year and 3 months: relying on the District Court's rulings, the lower court authorized the release of the "Schedule C-1 Reserve," a reserve of $3,146,427.93 plus interest created in July 2004 to pay in full the above secured and priority claims; and, contrary to its oral rulings at the hearing, authorized the distribution of the $3,146,427.93; but also ordered the automatic re-reserve of said amount if the *Accardi Appellants* succeed before the Third Circuit ("Re-Reserve Order"). The Bankruptcy Court denied the motion of the *Accardi Appellants* for stay pending appeal.

38. The *Accardi Appellants* will be irreparably harmed because of the bankruptcy doctrine of equitable mootness if the Trustee makes a distribution of the Schedule C-1 Reserve. This matter is extremely urgent. The lower court granted a 10-day stay of the Order under Fed. R. Bankr. P. 7062. If District Court does not enter a temporary stay before October 17, 2005, the Trustee could distribute the $3.1 million after that date, equitably mooting the above Priority Claims.

39. If the District Court does not enter a temporary stay pending disposition of the merits and a stay pending appeal or, at least, a temporary stay allowing the *Accardi Appellants* to pursue a stay pending appeal with the Third Circuit, then the Trustee may make a distribution that does not leave any funds to re-reserve. Irreversible prejudice will accrue to the above claims against the IT Trust due to the equitable mootness doctrine. If the funds are distributed there will be no practical way for the Bankruptcy Court to recover the funds constituting the Schedule C-1 Reserve as there are thousands of unsecured creditors—even if the *Accardi Appellants'* claims are found meritorious by the Third Circuit.

40. All grounds in support of the Emergency Motion were submitted to the bankruptcy judge.

41. Prior to filing the Emergency Motion, I contacted the following opposing counsel by e-mail on Saturday, October 08, 2005, informing them that the Emergency Motion would be filed and served on Tuesday October 11, 2005: Charles DeMonaco, Esq.; Eric Sutty, Esq.; Ileana Cruz Esq.; Jeffrey M. Schlerf, Esq.; John Cunningham, Esq.; Mark D. Collins, Esq.; Mark Willard, Esq.; Michael J. Prame, Esq.; Roger D. Anderson, Esq.; Ronald S Gellert, Esq.; Thomas G. Macauley Esq.; and Thomas Patten, Esq. I also sent a copy of the foregoing e-mail by facsimile to each of these counsel on Saturday, October 8, 2005. I have confirmation that each of the above recipients received the foregoing e-mail and facsimile.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on October 10, 2005, in Santa Barbara, California.

*/s/ Thomas A. Johnson*

________________________________

Thomas A. Johnson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**THE IT GROUP, INC., *et al.***<br><br>Post-Confirmation Estate. | Chapter 11<br><br>Bankruptcy Case No. 02-10118 (MFW)<br><br>Jointly Administered |
| **JOHN ACCARDI, *et al.*,**<br><br>Petitioners/Appellants,<br><br>v.<br><br>**IT LITIGATION TRUST, successor in interest to IT CORPORATION, IT GROUP, INC., and their subsidiaries in bankruptcy, ANTHONY DeLUCA, FRANCIS HARVEY, HARRY SOOSE, and CARLYLE PARTNERS II, LP, *et al.*,**<br><br>Respondents/Appellees. | Civ. No: 04-146 (JJF) (lead case)<br>[consolidated with Civ. No. 04-147 (JJF)] |
| **ROCHELLE BOOKSPAN**,<br><br>Petitioner/Appellant,<br><br>v.<br><br>**IT LITIGATION TRUST, successor in interest to THE IT GROUP, INC., *et al.*,**<br><br>Respondents/Appellees. | |

**REQUEST FOR JUDICIAL NOTICE**

The Accardi Claimants and Rochelle Bookspan respectfully request that the United States District Court take judicial notice of the dockets in the civil cases captioned: *Accardi et al. v. IT Litigation Trust, et al.*, Civ. No. 04-146 (JJF) and *Rochelle Bookspan v. IT Litigation Trust*, Civ. No. 04-147 (JJF).

Dated: October 10, 2005

*/s/ Thomas A. Johnson*

Thomas A. Johnson