EXHIBIT "13"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| THE IT GROUP, INC., et al., | : | Case No. 02-10118 (MFW) |
| Post-Confirmation Estate. | : | Jointly Administered |

**ORDER GRANTING MOTION BY THE IT LITIGATION TRUST TRUSTEE FOR AUTHORIZATION TO (I) REDUCE THE PAYABLE AMOUNT OF CERTAIN PAID CLAIMS, (II) REDUCE THE RESERVE AMOUNT FOR CERTAIN SETOFF CLAIMS, AND (III) SET A MAXIMUM RESERVE AMOUNT FOR ALL UNRESOLVED SECURED, ADMINISTRATIVE AND PRIORITY CLAIMS [Re: Docket No. 5177]**

Upon the Motion (the "Distribution Motion") for Authorization to (i) Reduce the Payable Amount of Certain Paid Claims, (ii) Reduce the Reserve Amount for Certain Setoff Claims, and (iii) Authorize A Reserve Amount for All Unresolved Secured, Administrative And Priority Claims,[1] filed by the IT Litigation Trust Trustee (the "Trustee") of the IT Litigation Trust (the "Trust"), as successor to The IT Group, Inc. and its affiliated debtors (collectively, the "Debtors"), and it being found that this Court has jurisdiction; and it appearing that good and sufficient notice of the Distribution Motion having been given and no further notice of the Distribution Motion or of the entry of this Order need be provided; and upon the entire record herein; and the Court having considered the Distribution Motion, the Claims listed on any Exhibit annexed hereto, and the objections, if any, to the Distribution Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

FOUND THAT:

A.   The Distribution Motion is a core proceeding under 28 U.S.C. § 157(b)(2);

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Distribution Motion.

547119v4

230

B.     Each holder of a claim (as to each, a "Claim") listed on Exhibits A, B and C (including Schedule C-1) attached hereto was properly and timely served with a copy of the Distribution Motion, the Proposed Order, and accompanying exhibits and the notice of the response deadline thereto;

C.     Any entity known to have an interest in the Claims subject to the Distribution Motion has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Distribution Motion;

D.     The Paid Claims listed on Exhibit A attached hereto are Claims that have received satisfaction, in whole or in part, after the Petition Date;

E.     The Setoff Claims listed on Exhibit B attached hereto are Claims that purport to be secured by a right of setoff under section 553 of the Bankruptcy Code;

F.     The Claims listed on Exhibit C attached hereto (including Schedule C-1) are defined herein as the "Unresolved SAP Claims".

G.     Allowance of a Setoff Claim does not necessitate a cash Distribution by the Trust;

H.     The Trustee by the relief requested in the Distribution Motion does not recognize or in any way permit the exercise of a purported right to setoff on account of any Setoff Claim;

I.     The Unresolved SAP Claims represent all SAP Claims on account of which the Trustee must withhold funds in the SAP Reserve;

J.     The relief requested by the Distribution Motion has no effect on the allowance or disallowance of any Claim; and

K.     The relief requested in the Distribution Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

IT IS THEREFORE:

1. ORDERED, that the Distribution Motion be, and hereby is, GRANTED as set forth herein;

2. ORDERED, that the Trustee is hereby authorized, pursuant to 11 U.S.C. §§ 105(a) and 1142(b), to reduce the amount payable on account of Paid Claims in the manner set forth on Exhibit A attached hereto;

3. ORDERED, that the Trustee is hereby authorized, pursuant to 11 U.S.C. §§ 105(a) and 1142(b), to reduce the amount withheld in the SAP Reserve on account of Setoff Claims in the manner set forth on Exhibit B attached hereto;

4. ORDERED, that the Trustee is hereby authorized, pursuant to 11 U.S.C. §§ 105(a) and 1142(b), to set the maximum amounts required to be withheld in the SAP Reserve equal to the amounts set forth in Exhibit C attached hereto (including Schedule C-1) for Unresolved SAP Claims, plus any Fee Claim Reserve.

5. ORDERED, that this Order is without prejudice to the right of the Trustee to request by motion a further reduction of any of the amounts set forth on Exhibits A, B, or C (including Schedule C-1).

6. ORDERED, that any claim (i) not listed on Exhibit C (including Schedule C-1), which is subsequently allowed as a SAP Claim, or (ii) listed on Exhibit C (including Schedule C-1), which is subsequently allowed in an amount higher than the amount set forth in Exhibit C (including Schedule C-1), shall not be prejudiced by this Order from receiving a distribution from the SAP Reserve or pursuant to the Plan (including, without limitation, Sections 4.1 or 5.2).

7. ORDERED, that the amounts held in reserve pursuant to Schedule C-1 (the "Schedule C-1 Reserve") are held for all alleged priority claims asserted by such claimants, whether asserted individually or on behalf of the IT Corporation Deferred Compensation Plan,

3

including alleged claims asserted under 11 U.S.C. § 507, and alleged claims for unfunded contributions owed to such plan under 29 U.S.C. § 1082 and notwithstanding decretal paragraph 6, any and all interest that accrues in an account with respect to the Schedule C-1 Reserve shall further not be distributed to anyone other than the persons listed on Schedule C-1 absent further order of this Court; provided, however, that this Order is without prejudice is the right of the Trustee to object to any of such alleged claims on any substantive and non-substantive basis, including without limitation, on the basis that any such claim is time barred or procedurally deficient.

8.  ORDERED, that the Trustee's rights to raise substantive or non-substantive objections to the Claims on any and all grounds permitted by law and/or equity are hereby preserved;

9.  ORDERED, that the Trustee's right to seek further reduction of any Claim to the extent such Claim has been paid is hereby preserved;

10. ORDERED, that the Trustee's rights to bring avoidance actions under the applicable sections of the Bankruptcy Code, including but not limited to, 11 U.S.C. § 547, against the holders of Claims subject to this Distribution Motion, and to exercise its right of setoff against the holders of such Claims relating to such avoidance actions, are hereby preserved;

11. ORDERED, that this Court shall retain jurisdiction over the Debtors, the Trust and the Claimants whose Claims are subject to this Distribution Motion with respect to any matters related to or arising from the implementation of this Order; and it is further

12. ORDERED, that the relief requested in connection with each Claim identified on the Exhibits attached hereto constitutes a separate request for relief as contemplated by Bankruptcy Rules 9013 and 9014. This Order shall be deemed a separate order with respect to

each such Claim. Any stay of this Order pending appeal by any of the claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

Dated: Wilmington, Delaware
       July 28, 2004

                                                 Honorable Mary F. Walrath
                                               Chief United States Bankruptcy Judge

## Schedule C-1

**Source: Statements of Account**

| # | Name | Amount |
|---|---|---|
| 1 | Accardi, John | 78,695 |
| 2 | Backus, Dave | 83,025 |
| 3 | Bookspan, Rochelle | 429,109 |
| 4 | Bornhoft, Stew | 21,640 |
| 5 | Brown, Mary Lou | 51,098 |
| 6 | Dillon, Thomas R. | 15,392 |
| 7 | Dubinsky, Melissa | 35,554 |
| 8 | Fenn, Dennis | 18,013 |
| 9 | Franz, John | 25,464 |
| 10 | Fraxedas, Ricardo | 15,369 |
| 11 | Gauntt, Bill | 122,960 |
| 12 | Grimshaw, Tom | 95,615 |
| 13 | Hickman, David | 3,043 |
| 14 | Higginbotham, William | 9,090 |
| 15 | Houseman, Warren | 40,303 |
| 16 | Howard, Bruce | 28,648 |
| 17 | Kenney, Stephen (Casey) | 211,079 |
| 18 | Kipness, Lewis I. | 7,890 |
| 19 | Kneuven, Thomas W. | 23,563 |
| 20 | Lees, Reymond | 4,630 |
| 21 | Lewis, Richard | 12,785 |
| 22 | Lindburgh Jr., Robert | 5,313 |
| 23 | Lindsay, Dana | 18,205 |
| 24 | Mahoney, James | 303,763 |
| 25 | Marti, Thomas R. | 119,616 |
| 26 | Mathur, Vinita | 58,180 |
| 27 | Mayfield, David | 29,437 |
| 28 | McIntosh, William H. | 2,550 |
| 29 | McMurtry, David C. | 77,185 |
| 30 | Melchior, Dan | 41,900 |
| 31 | Morekas, Georgeann. N. | 23,704 |
| 32 | Paris, William C. | 51,336 |
| 33 | Qualls, Sharon | 24,786 |
| 34 | Quick, Polly | 14,808 |
| 35 | Radek, Matt | 38,876 |
| 36 | Redwine, Jim | 25,709 |
| 37 | Santucci, Frederick | 10,225 |
| 38 | Sikes, Zachary | 13,972 |
| 39 | Smith, Kevin R. | 213,483 |
| 40 | Soose, Harry J. | 40,355 |
| 41 | Stout, Louis | 13,282 |
| 42 | Streeter, David | 8,925 |
| 43 | Sullivan, Kevin | 2,125 |
| 44 | Yamamoto, Leonard | 52,629 |

**Source: Proofs of Claim/Other Documentation**

| # | Name | Amount |
|---|---|---|
| 45 | Devarakonda, Murthy S. | 12,594 |
| 46 | Foley, John | 13,388 |
| 48 | Galligan, Dennis | 15,542 |
| 49 | Gardner, Gary | 28,635 |
| 50 | Gibbons, Frank | 32,435 |
| 51 | Gooch, Jay | 17,414 |
| 52 | Hill, David | 22,984 |
| 53 | Husak, Al | 192,412 |
| 54 | Kirk, James G. | 100,308 |
| 55 | Krishnan, Radha E. | 39,611 |
| 56 | Maillet, Bruce | 9,200 |
| 57 | McKinney, Roy | 13,504 |
| 58 | Nendel, Jack | 4,057 |
| 59 | Woscyana, Lawrence | 5,313 |
| 60 | Yuan, Henry | 21,095 |
| 61 | Zoratto, Enzo | 55,607 |

| | |
|---|---|
| Total - Tentative | $3,107,406.24 |
| Shary, Robert | $0 |
| Maciel, Mario | $0 |
| Harvey, Francis | $39,021.69 |
| Battistoni, Martin | $0 |
| Grand Total: | $3,146,427.93 |