EXHIBIT "17"

No. 05-2191

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

In re:
The IT Group, Inc., *et al.*,
Debtors.

ACCARDI, *et al.*,
Appellants,
v.
IT LITIGATION TRUST, *et al.*,
Appellees.

On Appeal From The United States District Court
For The District Of Delaware,
Civil Action No. 04-146, Judge Joseph J. Farnan

**APPELLEES' CONSOLIDATED BRIEF**

Michael J. Prame
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5893
**Attorneys for Dr. Francis J. Harvey**

John Cunningham
Ileana Cruz
White and Case, LLP
First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2352
**Attorneys for the IT Litigation Trust**

Thomas Patten
David Becker
Latham & Watkins
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004-1304
**Attorneys for Carlyle Partners, II, L.P.**

Mark A. Willard
Sandra R. Mihok
Delia Bouwers Bianchin
Eckert Seamans Cherin & Mellott
600 Grant Street, Suite 4400
Pittsburgh, PA 15219
**Attorneys for Anthony J. DeLuca**

Charles A. De Monaco
Richard J. Federowicz
Kimberly L. Haddox
Dickie McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
**Attorneys for Harry J. Soose**

258

## **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................................ ii

TABLE OF CONTENTS ......................................................................................................... iii

TABLE OF AUTHORITIES ..................................................................................................... v

STATEMENT OF THE ISSUE ................................................................................................. 1

STATEMENT OF THE CASE .................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 5

      A.    THE IT DEFERRED COMPENSATION PLAN ................................. 5

      B.    PLAN ADMINISTRATION AND TAX TREATMENT .................... 9

      C.    ALLEGED ORAL STATEMENT CONCERNING PLAN FUNDING ........................................................................................ 9

STANDARD OF REVIEW ..................................................................................................... 10

SUMMARY OF ARGUMENT ............................................................................................... 11

ARGUMENT ........................................................................................................................... 14

I.    THE UNAMBIGUOUS PLAN LANGUAGE ESTABLISHES THAT THE PLAN IS UNFUNDED ........................................................... 14

      A.    STATUTORY OVERVIEW ............................................................... 15

      B.    DETERMINING WHETHER A PLAN IS UNFUNDED ................. 17

      C.    THE PLAN IS AN UNFUNDED TOP HAT PLAN ......................... 20

II.   DEFENDANTS DID NOT HAVE A DUTY TO FUND A TRUST FOR THE EXCLUSIVE BENEFIT OF THE PLAN PARTICIPANTS. ................................................................................... 21

      A.    THE PLAN IS UNFUNDED EVEN THOUGH THE ADMINISTRATIVE COMMITTEE WAS ALLOCATED DISCRETIONARY AUTHORITY TO

    REQUIRE ASSETS TO BE SET ASIDE IN A RABBI TRUST .................................................................................. 22

  B. THE ADMINISTRATIVE COMMITTEE COULD NOT AMEND THE TRUST OR CAUSE A PRE-PETITION DISTRIBUTION OF BENEFITS ...................................................... 28

    1. THE ADMINISTRATIVE COMMITTEE HAD NEITHER THE POWER NOR THE DUTY TO AMEND THE TRUST ............................................................. 28

    2. THE ADMINISTRATIVE COMMITTEE LACKED THE AUTHORITY TO REQUIRE DEBTORS TO PAY BENEFITS TO THE PARTICIPANTS PRIOR TO THE PETITION DATE .......................................................................................... 32

III. THE DISTRICT COURT AND BANKRUPTCY COURT DID NOT OTHERWISE ERR IN THEIR ANALYSIS ...................................... 33

  A. THE DISTRICT COURT AND BANKRUPTCY COURT PROPERLY ANALYZED THE ALLEGED ORAL REPRESENTATION ............................................................. 33

  B. THE BANKRUPTCY COURT PROPERLY CONSIDERED THE TAX TREATMENT OF THE COMPENSATION DEFERRED BY THE PARTICIPANTS UNDER THE PLAN ............................................. 35

CONCLUSION ................................................................................................. 37

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B) ................................................................................................ 39

CERTIFICATE OF BAR MEMBERSHIP ........................................................ 39

ADDENDA ....................................................................................................... 40

## **STANDARD OF REVIEW**

In its review, this Court stands in the shoes of the District Court, applying a clearly erroneous standard to the Bankruptcy Court's findings of fact and a *de novo* standard to its legal conclusions. *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). In this case, the decisions by both the District Court and the Bankruptcy Court were based on the legal conclusion that the Participants' Second Amended Complaint failed to state a claim upon which relief could be granted. (App. 64-85 (Bankr. Op., Feb. 3, 2004); App. 55-63 (Dist. Ct. Del. Mem. Op., Mar. 3, 2005).) This Court, therefore, reviews the matter *de novo*. *See American Flint Glass*, 197 F.3d at 80.

A complaint should be dismissed if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Oatway v. American Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003). In determining whether the Participants' Second Amended Complaint fails to state a claim upon which relief can be granted, "the [C]ourt may consider documents which are attached to or submitted with the complaint, as well as legal arguments presented in memorandum or briefs and arguments of counsel." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).