EXHIBIT "18"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                        . Case No. 02-10118(MFW)
                              .
  IT GROUP INC.,              .
          et al.,             . 824 Market Street
                              . Wilmington, Delaware  19809
                Debtors.  .
                              . September 6, 2005
. . . . . . . . . . . . . . . . 4:06 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For IT Litigation Trust:      White & Case
                              By:  JOHN CUNNINGHAM, ESQ.
                                   ILEANA CRUZ, ESQ.
                              First Union Financial Center
                              200 South Biscayne Blvd.
                              Miami, FL  33131-2352

                              The Bayard Firm
                              By:  JEFFREY SCHLERF, ESQ.
                              222 Delaware Avenue
                              Suite 900, P.O. Box 25130
                              Wilmington, DE  19899


Audio Operator:               Danielle R. Gadson


 Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-Mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

96

1          THE COURT:  All right.

2          MS. CRUZ:  Thank you, Your Honor.  And the next one

3  is an objection by Young Environmental Cleanup.  They're

4  basically asking to -- for authority to file a proof of claim

5  under 502(h), because they have paid a preference, and we don't

6  have any opposition to that -- to their filing that claim.

7          THE COURT:  All right.  So they will be included on

8  the distribution?

9          MS. CRUZ:  Yes, we will add them.  And lastly is the

10 opposition by the Accardi claimants.  Basically, I believe they

11 are opposed to our distributing -- to our making any

12 distribution to unsecured creditors, because they're under the

13 belief that we will be distributing a certain amount of money

14 that's been on reserve for them.  It's like 3.1 million, which

15 is the subject of the other motion.  I just wanted to clarify

16 for the record that the 5.1 or so million that we are seeking

17 authority to distribute to unsecured creditors now does not

18 include the 3.1 million reserve.

19         THE COURT:  Okay.

20         MS. CRUZ:  I just wanted to make that clear.  So I

21 think that would moot the opposition, but I'll let Mr. Johnson

22 speak.

23         THE COURT:  Okay.

24         MR. JOHNSON:  Well, if I understand Ms. Cruz

25 correctly, they are going forward with the motion to modify the

**J&J COURT TRANSCRIBERS, INC.**

264

1   reserve order.  Okay, but there's no distribution sought for

2   approval as to the Schedule C-1 reserve of 3.1 plus million

3   dollars.

4           THE COURT:  This distribution motion does not impact

5   that --

6           MR. JOHNSON:  I had understood -- that's fine, Your

7   Honor.  I had understood that it did.  And that that's --

8   that's fine.  And then they will re-file a distribution motion

9   assuming, you know, if they're successful today on a reserve

10  order.

11          THE COURT:  Or they'll file a second distribution

12  motion.

13          MR. JOHNSON:  Understood.

14          THE COURT:  Okay.

15          MS. CRUZ:  That's correct, Your Honor.

16          THE COURT:  All right.  Then all objections being

17  resolved, I will approve the initial distribution.

18          MS. CRUZ:  Thank you, Your Honor, and we will have to

19  file that under certificate of counsel.

20          THE COURT:  Okay.

21          MS. CRUZ:  With that, I'd like to redirect Your Honor

22  back up to item number 23, which is the IT Litigation Trust's

23  26th omnibus objection.  If I may have a moment, Your Honor?

24                          (Pause)

25          MR. CUNNINGHAM:  Your Honor, the issue here goes back

                    **J&J COURT TRANSCRIBERS, INC.**

1  to the last hearing that we had before Your Honor.  We had been
2  before Your Honor with the Accardi plaintiffs trying to settle
3  a form of order that we believe we had agreed to how to deal
4  with this claim objection, and under the agreement we thought
5  we had reached they agreed to have the claim disallowed and to
6  have their motions for stay to be consolidated with their
7  current appeal with the Third Circuit.  We were agreeable to
8  that as long as the existing reserve amount could be reduced.
9         Your Honor may recall Mr. Johnson disagreed, and as a
10 result, Your Honor stated to both of us, then let's go forward
11 with our respective positions.  The Trust's respective position
12 with respect to the omnibus claims objection, Your Honor, is
13 simply that they had alleged priority claims for approximately
14 $3.1 million.  Your Honor addressed that issue thoroughly and
15 dismissed through adversary proceedings in February, 2004 with
16 the written decision opining that the IT deferred compensation
17 plan was an unfunded top head plan.  That decision -- Your
18 Honor's decision was affirmed by District Judge Farnan on March
19 31st, 2005 in which he stated, "Reviewing the decision of the
20 Bankruptcy Court, in light of the parties' arguments, and
21 applicable legal principles, the Court concludes the Bankruptcy
22 Court did not err in concluding that the plan was unfunded.
23 The Bankruptcy Court's rationale is sound, and the Court is
24 persuaded that it is correct."  So we are here before Your
25 Honor now to basically characterize their claim as an unsecured

**J&J COURT TRANSCRIBERS, INC.**

1 claim.  That's the basis for the objection.

2        MR. JOHNSON:  Your Honor, Tom Johnson again.  As to

3 the 26th omnibus objection, the Trustee has objected to Ms.

4 Bookspan's claim, number 6951, and we objected and filed a

5 motion, both of which request that Your Honor include in any

6 order sustaining the 26th omnibus objection that no separate

7 appeal is required.  As to the 26th omnibus objection, I know

8 Your Honor disagreed with us a year -- seven months ago Your

9 Honor dismissed both adversary proceedings with prejudice.

10 That's on appeal.

11        The Third -- the briefing is complete before the

12 Third Circuit, and we have no substantive argument, so we would

13 just request that Your Honor indicate -- interlineate in the

14 order or add to the order that no separate appeal is required

15 with respect to the order sustaining the objection on

16 Bookspan's claim number 6951.  And the Trustee basically

17 doesn't dispute that at the last hearing.  There was no dispute

18 in that regard.

19        MR. CUNNINGHAM:  Your Honor, if you want to

20 consolidate, that is Mr. Johnson's motion.  It's item number

21 32, his motion to consolidate proofs of claim.  Contemplating

22 Your Honor would uphold the objection, he wants to have the

23 proofs of claims consolidated with the pending adversary

24 proceeding as Your Honor can recognize from the last hearing.

25 We were agreeable to that provided that the other part of the

**J&J COURT TRANSCRIBERS, INC.**

1 agreement was in place, which was the lifting of the reserve

2 amount that we have for the Accardi plaintiffs, which is $3.1

3 million, and that is the subject of our opposition and

4 basically cross motion to modify this Court's distribution

5 order to allow us to go ahead and do that.  If Your Honor --

6         THE COURT:  Well, they don't agree to that, but why

7 should I or should I not agree to consolidate the appeals or

8 condition this disallowance I guess on whatever the Third

9 Circuit decides?  Is that what you're seeking?

10         MR. JOHNSON:  Your Honor, the Trustee in the

11 opposition papers that they filed has basically admitted that

12 Bookspan's proof of claim for a secured priority claim runneth

13 under the pension contributions is integrally related to the

14 second amended complaint in the Accardi and Bookspan adversary

15 proceedings.  So it wouldn't make sense to require us to

16 initiate a second new appeal.  It would be -- it's going to

17 create procedural chaos if we have to file a new notice of

18 appeal as to any order sustaining the claim objection as to

19 Bookspan's claim, and it wouldn't make sense.  The issues have

20 already been ruled --

21         THE COURT:  I'm not sure it would create procedural

22 chaos.  It might be --

23         MR. JOHNSON:  Well --

24         THE COURT:  -- duplicative, but --

25         MR. JOHNSON:  Right.  It's duplicative.  It's just

**J&J COURT TRANSCRIBERS, INC.**

1  unnecessary.

2          MR. CUNNINGHAM:  Again, Your Honor, we're -- I think

3  to streamline this, they didn't oppose the upholding of the

4  objection.  We don't oppose the consolidation.  I think the

5  real issue, as it was the last time, was the reserve amount,

6  which is a separate matter which we teed up before Your Honor

7  today.  If you like, I can address that issue.

8          MR. JOHNSON:  Yea, as to the 26th omnibus objection,

9  you know, we don't oppose entry of the order sustaining the

10  objection so long as no separate appeal is required, because

11  the matter is already under appeal.

12          MR. CUNNINGHAM:  We could then move on to the next

13  matters on the calendar.

14          MR. JOHNSON:  Well, I think the next matter is our

15  motion to modify the reserve order, because that was filed --

16  basically that's a cross motion to your motion to consolidate.

17  And that point, Your Honor, is -- we explained it at the last

18  hearing.  Your Honor entered a distribution order on July 8th

19  of last year.  That order specifically provided that this order

20  is without prejudice to the right of the Trustee to request by

21  motion a further reduction of any of the amounts set forth on

22  exhibits A, B, or C, including Schedule C-1.

23          Schedule C-1 is the Accardi plaintiffs' amount for

24  $3.1 million that the Trustee voluntarily agreed to reserve at

25  the last hearing on July 8th, but with the proviso in the order

**J&J COURT TRANSCRIBERS, INC.**

102

1  that we could seek at any point in time relief from the Court

2  to reduce those amounts.  And the reason we did that, quite

3  frankly, Your Honor, is at that time the District Court appeal

4  was still pending, and we believed -- we thought it was almost

5  imminent that the District Court was going to decide.  It

6  actually decided in March of this year.  But now since the

7  District Court has decided, Mr. Johnson wants us to continue to

8  reserve all the way to the Third Circuit, and I guess after

9  there to the Supreme Court, and we believe it's not necessary

10  to reserve the amounts.

11         He has asked today for a stay pending appeal of the

12  original dismissal orders.  Your Honor he previously requested

13  that of you, and you did not grant that.  We believe requiring

14  a reserve -- it's not required in the plan.  It's not required

15  in the confirmation order.  We believe it amounts to a stay

16  pending appeal, which we don't believe he's entitled to under

17  the applicable standards.

18         MR. JOHNSON:  Well, our substantive opposition to the

19  reserve order obviously, Your Honor, is that we believe the

20  stay pending appeal is appropriate.  As to Your Honor -- if

21  Your Honor will recall, at the confirmation hearing Your Honor

22  ruled on a motion for stay pending appeal as to the Bookspan

23  account.  It was $500,000 or -- yea, that one was $500,000.

24  But since then, Your Honor, the circumstances have changed, and

25  the status quo has changed.  The Trustee's actions have

**J&J COURT TRANSCRIBERS, INC.**

1  indicated many times that there's very little prejudice to this

2  estate -- the Trust in continuing to hold a Schedule C-1

3  reserve.  If Your Honor will recall, in July, 2004 the Trustee

4  volunteered to pull $2 million in reserve, and that was already

5  after we had lost before Your Honor -- before my clients had

6  lost when Your Honor had dismissed with prejudice.

7          THE COURT:  Well, maybe there was no prejudice then,

8  because they weren't ready for any distribution to creditors

9  given the state of the preference program and objections to

10 claim.

11         MR. JOHNSON:  Well, but then further actions tend to

12 indicate that there's -- well, the reality of the plan though,

13 Your Honor, is that there's about 100 million or more plus

14 assets to be distributed amongst billions and billions of

15 claims, and so we're talking about a one percent distribution

16 to any creditor, and the Schedule C-1 reserve is one tenth of

17 one percent or less than that in terms of any distribution

18 that's going to be proposed.  So if you're a creditor out there

19 and you're owed $100,000, you're going to get -- if you're owed

20 $100,000 you're going to get $100 on account of this Schedule

21 C-1 reserve, and that's truly insignificant for any creditor

22 out there.

23         And the fact of this case is that it's now been

24 administered primarily for the benefit of the secured lenders,

25 and it's effectively a foreclosure proceeding that the secured

**J&J COURT TRANSCRIBERS, INC.**

104

1  lenders signed on for when they agreed to the plan of

2  liquidation, and when they agreed to that plan, they agreed to

3  the bankruptcy claims process which includes appeals.  Now, the

4  creditors of the Trust have not sought an expedited hearing in

5  front of the District Court, have not sought an expedited

6  hearing in front of the Third Circuit --

7            THE COURT:  For what?

8            MR. JOHNSON:  To expedite resolution of the merits.

9            THE COURT:  Well, why would they want to?

10           MR. JOHNSON:  Well, if they wanted to push this along

11 and make distributions and have this wrapped up, they could

12 certainly do that.

13           THE COURT:  Well, they agreed to a reserve pending

14 the appeal to the District Court.

15           MR. JOHNSON:  And they did not in any limit that.  I

16 mean they reserved the rights to go seek it, but I mean they

17 offered to voluntarily set a --

18           THE COURT:  And now --

19           MR. JOHNSON:  -- million aside when they had already

20 won.

21           THE COURT:  And now they don't want to.  I mean it

22 was easy for me to agree to it or approve it, because the

23 parties agreed to it.  Now they don't agree.

24           MR. JOHNSON:  Well, they volunteered it.  I mean they

25 didn't contact us and ask for an agreement.  They said we'll

                **J&J COURT TRANSCRIBERS, INC.**

1  volunteer $2 million, and Your Honor disagreed and said, well,

2  if you're going to reserve something, reserve $3 million.

3         THE COURT:  There's no issue.  They agreed.  Now

4  there's an issue.

5         MR. JOHNSON:  Well, but again, I mean --

6         THE COURT:  Under the plan you're not entitled to a

7  reserve.

8         MR. JOHNSON:  Well, under the plan it requires that

9  priority claims be paid in full, 100 cents on the dollar.

10         THE COURT:  But there's no reserve required for

11  priority claims --

12         MR. JOHNSON:  The Trustee --

13         THE COURT:  -- that are in dispute.

14         MR. JOHNSON:  The Trustee -- well, the Trustee

15  volunteered the reserve for all priority claims that were in

16  dispute in July, 2004.

17         THE COURT:  Now it's rescinded that agreement.  The

18  plan, which is binding on all parties, doesn't require a

19  reserve.

20         MR. JOHNSON:  Right, but if our claims are deemed

21  meritorious and the Trustee distributes the Schedule C-1

22  reserve, then our claims are going to equitably moot.  I mean

23  if you -- we're here to do a balancing.  Right?  We balance the

24  harm to the creditors against the harm to the Accardi

25  plaintiffs.

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  Right.

2          MR. JOHNSON:  And if you look at the <u>Luten</u> decision,

3  Your Honor, which I cite in my brief, and that case dealt with

4  a Bankruptcy Court that issued a distribution order where no

5  reserve was held, and the District Court stayed the Bankruptcy

6  Court's distribution order concluding, "The inevitable result,

7  which the objectors could not reasonably question, is the

8  denial of a stay will moot the -- would moot the appeal and

9  deny any recovery."  And that is the quintessential form of

10  prejudice.  And that's 173 BR at 468 -- excuse me -- 468 to 69.

11  And please look at that decision, Your Honor.  I mean --

12          THE COURT:  I've read it.

13          MR. JOHNSON:  We're going to be -- we'll be -- the

14  claims against the estate on appeal will be equitably moot.

15  They'll be clamoring all over it.  The secured -- you know, if

16  the Trust doesn't, the secured lenders will, and the unsecured

17  creditors will.  And I mean the status quo has been the reserve

18  has been in place for a year and three months, and our Third

19  Circuit briefs are done.  Our opening brief, the opposition,

20  the reply, it's all done.  We're just waiting for the Third

21  Circuit to reply.  We're on file.  And --

22          THE COURT:  No oral argument has been set?

23          MR. JOHNSON:  Not yet.  The final brief was filed at

24  the end of August.

25          THE COURT:  Okay.

**J&J COURT TRANSCRIBERS, INC.**

1              MR. JOHNSON:  But we've requested oral argument.  And

2    I'd like to turn briefly to the success on the merits question,

3    Your Honor.  One thing -- if Your Honor will recall, when Your

4    Honor entered the opinion, Your Honor entered findings of fact

5    and conclusions of law, and one thing that the Trustee, along

6    with the other appellees admitted in their opposition brief, is

7    the standard of review was incorrect.  They admitted in their

8    standard of review section -- I have a copy of the complaint.

9    It's -- the opposition brief.  It's right over there.

10             You've got to consider all the allegations in the

11   complaint are true.  You consider all the documents attached to

12   the complaint, and you make all reasonable inferences in the

13   light most favorable to the plaintiff.  And that's the normal

14   standard under Rule 12(b)(6), and Your Honor did not do that.

15   The District Court did not review it in that light, and it

16   makes it more likely that the Third Circuit is going to take a

17   close look at that.

18             We have a novel issue as to funding.  It's never been

19   address in any court in the United States as to whether when

20   you allocate funding discretion to an administrative committee,

21   and the plan can only be -- the plan's beneficiaries are only

22   the participants and whoever they designate.  They've got

23   plenty of discretion that's subject to a good faith standard

24   that prohibits forfeitures, and the Trust can be amended to be

25   an exclusive benefit of the participants.  I mean that's it in

**J&J COURT TRANSCRIBERS, INC.**

1  a nutshell as to why it's a novel question, and when you have

2  that close a question and the lack of prejudice to the

3  creditors -- to any one creditor and the extreme prejudice to

4  my clients, we believe the stay is appropriate.

5          Now, as to the second half of the ERISA analysis, as

6  to Section 1082, the Trust has provided no substantive

7  opposition for purposes of this hearing.  They don't dispute

8  that if the plan is funded, at least for purposes of this

9  hearing, that we satisfy the elements of 1082, and that we did

10 an unperfected lien that would have to be treated as a priority

11 tax claim.  And if, Your Honor --

12         One more thing, Your Honor.  If Your Honor will

13 recall, in Your Honor's decision you indicated that if the plan

14 were unambiguous -- excuse me -- if the plan were ambiguous as

15 to whether it was funded, we -- extrinsic evidence would be

16 appropriate, and Your Honor would be able to consider that, and

17 we believe that.  And in connection -- we believe that it is

18 ambiguous as to whether it's funded at least, if not

19 completely, and we believe that the plan is a funded plan.

20         But it -- but as an alternative, if the plan happens

21 to be ambiguous, we have submitted a declaration in connection

22 with today's hearing.  The declaration of Dr. James Mahoney,

23 who is here in court.  He was -- has Your Honor had a chance to

24 read that?

25         THE COURT:  No, and I'm not going to consider any

                    **J&J COURT TRANSCRIBERS, INC.**

1   extrinsic evidence.  I think it is appropriate at a hearing on

2   a motion -- essentially a motion for stay pending appeal to

3   consider that.

4          MR. JOHNSON:  It actually is authorized by the Third

5   Circuit.  There's a decision called <u>Kos Pharmaceuticals vs.</u>

6   <u>Andrx Corporation</u> -- I have a copy if Your Honor would like it,

7   369 F 3d 700.  It's Third Circuit, 2004 -- which indicates that

8   at a preliminary injunction hearing the Court certainly has

9   discretion to hear statements within the personal knowledge of

10  the witness.

11         THE COURT:  Yes, this isn't a preliminary injunction.

12  This is a stay pending appeal.

13         MR. JOHNSON:  Ah, but the courts --

14         THE COURT:  The standard may be --

15         MR. JOHNSON:  The courts generally agree that the

16  standard is the same -- motion for stay pending appeal is the

17  same standard as a motion for preliminary injunction.

18         THE COURT:  Except that there's one major difference.

19  You've already presented your evidence to consider extrinsic

20  evidence after an appeal is filed.  I don't have

21  jurisdiction --

22         MR. JOHNSON:  On a motion for a stay pending appeal.

23         THE COURT:  On a motion for a stay pending appeal.

24  For example, I don't have jurisdiction over the underlying

25  issue anymore.

**J&J COURT TRANSCRIBERS, INC.**

1           MR. JOHNSON:  This is not the underlying issue.  This

2  is about the disposition of the Schedule C-1 reserve, which

3  we're asking for a stay of.

4           THE COURT:  I understand, but I don't think it's

5  appropriate for me to hear evidence on the underlying question

6  which the Third Circuit is now being asked to decide.

7           MR. JOHNSON:  We're not asking you to enter findings,

8  just to consider the evidence.  Dr. Mahoney has traveled from

9  Virginia on his way north to a conference, but he stopped by,

10 and he's available.  I'd ask that Your Honor consider the

11 declaration.

12          THE COURT:  Well, let me suggest this.  What if you

13 present evidence that convinces me that I was wrong based on

14 that evidence?  The Third Circuit cannot consider that

15 evidence.

16          MR. JOHNSON:  No, it's --

17          THE COURT:  The Third Circuit is stuck with the

18 record they have.

19          MR. JOHNSON:  No, I'm not -- if Your Honor enters a

20 stay pending appeal, that's just all we're asking, a stay of

21 distribution.  We're not asking you to make a finding on the

22 merits.  This is not a trial.  This is not summary judgment.

23 This is just some preliminary evidence for Your Honor to

24 consider, which is appropriate when you've not had any

25 discovery.  And Kos -- the Kos Pharmaceutical decision

**J&J COURT TRANSCRIBERS, INC.**

1  indicates that.  I have a copy, Your Honor.  Could I please --

2          THE COURT:  I don't need the decision.  It deals with

3  an injunction.  A preliminary injunction is completely

4  different.

5          MR. JOHNSON:  Which is the same standard under In re:

6  Roth American --

7          THE COURT:  It's the same standard --

8          MR. JOHNSON:  Yes.

9          THE COURT:  -- except that after a preliminary

10  injunction is entered, you're going to have a trial and perhaps

11  evidence may be presented later.

12          MR. JOHNSON:  And we may have that later, and we may

13  have --

14          THE COURT:  Not on the appeal.  You'll have nothing

15  -- no new evidence can be presented in connection with the

16  appeal.  The record's closed.

17          MR. JOHNSON:  If the appeal -- if the Third Circuit

18  remands, it could say (a) the plan is funded, (b) the Court

19  should not have submitted -- should not have dismissed with

20  prejudice the second amended complaint, and it would say --

21          THE COURT:  But the Court -- the Third Circuit in

22  making that decision will not consider any extrinsic evidence,

23  so why should I in deciding whether to grant that motion for

24  stay pending appeal?

25          MR. JOHNSON:  Your Honor, I believe the Third Circuit

**J&J COURT TRANSCRIBERS, INC.**

112

1  would consider an offering -- a proffer of extrinsic evidence

2  at a motion for stay pending appeal where the complaint has

3  been dismissed, and we've had no discovery.  We're just

4  providing some extrinsic evidence to support our claim that the

5  plan --

6          THE COURT:  But you should have done that in the

7  underlying motion.  Now is not the time on a motion for stay

8  pending appeal.

9          MR. JOHNSON:  Your Honor, the motion for stay pending

10 appeal that was previously -- are you referring to the motion

11 for stay pending appeal that was previously argued?

12         THE COURT:  No, I'm talking about today's.  I'm

13 considering this as a motion for stay pending appeal --

14         MR. JOHNSON:  Yes.

15         THE COURT:  -- is what you're in essence asking.

16         MR. JOHNSON:  Yes, and we've not had any discovery --

17         THE COURT:  Right.

18         MR. JOHNSON:  -- in the adversary proceeding.

19         THE COURT:  Right.

20         MR. JOHNSON:  We've not gotten an answer in the

21 complaint --

22         THE COURT:  Right.

23         MR. JOHNSON:  -- and I am just offering it in support

24 of our theory of the case.  And the Third Circuit can reverse

25 and say that the second amended complaint should not have been

**J&J COURT TRANSCRIBERS, INC.**

113

1  dismissed --

2           THE COURT:  I agree.  They can reverse --

3           MR. JOHNSON:  -- go forward, go and have discovery --

4           THE COURT:  They can reverse, and then I consider --

5  can consider evidence.  But today I cannot consider extrinsic

6  evidence on the motion for stay pending appeal, and the Third

7  Circuit in considering your appeal cannot consider any evidence

8  that was not a matter of record below before today -- before I

9  made my ultimate decision.

10          MR. JOHNSON:  Correct.  You're allowed -- when you

11  file a motion for stay pending appeal, you're allowed to attach

12  supplemental declarations, and you're allowed to attach

13  additional evidence to the extent it may support your motion

14  for stay pending appeal.

15          THE COURT:  Where does it say that?

16          MR. JOHNSON:  Well --

17          THE COURT:  I've never heard of that.

18          MR. JOHNSON:  Your Honor, I don't have that precise

19  narrow question briefed, but I have seen it before, and, you

20  know, if Your Honor can give me a few more days, I can find

21  some research on the subject.

22          THE COURT:  Well, I've never, never considered that.

23          MR. JOHNSON:  Your Honor, in the Kos Pharmaceutical

24  decision it was an appeal from the denial of preliminary relief

25  on a preliminary injunction, and the cases are quite clear.

**J&J COURT TRANSCRIBERS, INC.**

114

1  For example, <u>Roth American</u> indicates that the Court considers

2  the same factors when presented with a motion for a stay

3  pending appeal, same standards as the Court would consider when

4  presented with a motion for preliminary injunction.

5          THE COURT:  It's the same standard.  It's the same --

6  I apply the same factors, but it does not mean that I can

7  consider extrinsic evidence after the fact -- after the trial

8  on the merits, if you will, after the underlying --

9          MR. JOHNSON:  Trial on the merits.  That's the whole

10 point.

11         THE COURT:  -- after the underlying motion has been

12 decided.  I can't reopen the record to consider evidence

13 related to the underlying motion.

14         MR. JOHNSON:  Well, all right.  Set aside the

15 question of the -- of Dr. Mahoney being here.  Nonetheless,

16 it's a close question.  We know there's going to be substantial

17 prejudice to my clients as to the claims -- the estate -- there

18 are claims against the estate, very little prejudice as to any

19 creditor in this case if the stay is held in place for a few

20 more months while the Third Circuit decides, and it's a close

21 question, Your Honor, that's never been decided.

22         THE COURT:  All right.  You've made your point.  Let

23 me hear a response.

24         MR. CUNNINGHAM:  Your Honor, I think the principal

25 point is that this is his -- Mr. Johnson and his client's

**J&J COURT TRANSCRIBERS, INC.**

115

1  second request for a stay pending appeal.  Your Honor has

2  already heard his first request for a stay pending appeal at

3  the time Your Honor rendered the decision.  Your Honor denied

4  that, so this is essentially a renewed reconsideration of that,

5  and he's back again arguing for it.

6          I think Your Honor said it correctly.  The plan does

7  not require contested priority claims to be reserved for.  I

8  mean if he added two more zeros to his claim, and that were the

9  requirement we couldn't make any distribution in this case.

10 Mr. Johnson and his clients objected to confirmation of the

11 plan.  Your Honor overruled his objection at the confirmation

12 hearing.  Under 1141(a) of the Bankruptcy Code the plan is

13 binding upon him and his clients.

14         As I indicated, the reserve amount that we put into

15 place last year was voluntary based on the pendency of the

16 District Court appeal.  Now that that has been reserved and

17 because we are now -- as Your Honor has seen today, are about

18 to make distributions to our unsecured creditors, we no longer

19 won't have to reserve for this amount.  His appeal can

20 continue.  I don't know when it will get resolved.  I'm not

21 casting aspersions on the Third Circuit, but I have no idea --

22 I know in the Letstall case it took a long time to get a

23 decision.

24         But I think simply, as Your Honor will recall, we

25 thought we had an agreement with Mr. Johnson to free up the

**J&J COURT TRANSCRIBERS, INC.**

116

1   reserve with an agreement to re-reserve if and when he prevails

2   in the Third Circuit, because we have preference actions.  We

3   have DNO actions.  Those are the sources of our recovery going

4   forward.  We recommended and suggested that at that time we

5   would re-reserve.  It would give us the short-term relief.  As

6   Your Honor recalls, Mr. Johnson repudiated that agreement on

7   the record at the last hearing Your Honor said to go forward

8   then on the respective merits today.

9           The reserve order Your Honor signed specifically gave

10  us the right to ask that Your Honor reduce the reserve amount.

11  We'd like authority to reduce the reserve amount for the

12  Schedule C-1 reserve for the Accardi plaintiffs based on the

13  fact that now with the District Court having affirmed Your

14  Honor's ruling, we see no basis to further delay and harm

15  creditors in this case and continue to withhold distributions

16  on account of the claim that two federal judges have already

17  determined are unsecured claims, and that, you know, he is

18  seeking a stay pending appeal which has already been denied.  I

19  think that's really the thrust of his relief, Your Honor.

20          THE COURT:  Well, let me ask you a question.  What

21  are the amount of the remaining preferences -- face amount, if

22  you will?

23          MR. CUNNINGHAM:  In excess of $20 million, Your

24  Honor, and the --

25          MR. JOHNSON:  I would disagree with that.

                    **J&J COURT TRANSCRIBERS, INC.**

117

 1           MR. CUNNINGHAM:  Well, the settlement amount -- the

 2    settlement today reduced substantially the amount of

 3    outstanding preference actions that we were seeking.  But with

 4    the remaining actions, I think the amount is approximately $20

 5    million in the aggregate.  And we also the pending DNO action.

 6    There there's a DNO policy for $50 million.  So we feel

 7    confident we have sufficient litigation assets.  Obviously,

 8    they're litigation assets that are subject to, you know,

 9    prevailing on those, but we believe we have sufficient assets,

10    Your Honor, to re-reserve in the future, if necessary.

11           THE COURT:  All right.  Thank you.

12           MR. CUNNINGHAM:  Thank you.

13           MR. JOHNSON:  Your Honor, the reserve we have today

14    amounts to a guarantee.  What the Trustee is proposing is that

15    -- I mean is speculative.  I mean in a mind field the Trustee's

16    proposing that maybe -- maybe money will be there from

17    preference actions, maybe it won't.  If it is, well, then I

18    guess we can move to modify the plan under Section 1127, try to

19    meet those standards, and get hit with 100 objections from the

20    lenders and the secured creditors.  I mean that doesn't make

21    any sense at all to require us to go through those hoops, I

22    mean, you know, especially when there's very little prejudice

23    to the creditor body in continuing to hold the reserve for a

24    few months.

25           And as to repudiation, Your Honor, I didn't repudiate

                    **J&J COURT TRANSCRIBERS, INC.**

118

1  -- my clients did not repudiate the agreement.  Your Honor

2  ruled at the last hearing that there was no meeting of the

3  minds.  The Trustee promised the claims would not be equitably

4  moot under any circumstances, and we couldn't come to an

5  agreement as to a form of order that would encompass that type

6  of promise that the Trustee made.

7          I would note, Your Honor, that we have amended our

8  motion to seek a 40 -- at least a 40-day stay under Rule 8005

9  to give us time to brief and file papers with the District

10  Court and the Court of Appeals to seek a stay pending appeal,

11  you know, if Your Honor is inclined to deny the motion.  We've

12  also asked that Rule 7062(a) apply in any event, but a 40-day

13  period, for example, would be appropriate.

14          THE COURT:  What under rule?  Seventy what?

15          MR. JOHNSON:  Well, 7062(a) gives you a ten-day stay

16  of enforcement.

17          THE COURT:  All right.

18          MR. JOHNSON:  All right?  And certainly that's the

19  minimum amount of time.  I mean that's absolute --

20          THE COURT:  Don't you get that already?

21          MR. JOHNSON:  No, under 70 -- 7062(a) does not

22  automatically apply to contested matters.  Your Honor has the

23  discretion to apply it.  I think it's under Rule 9014 that says

24  that it does not automatically apply.  So, in any event, we --

25          THE COURT:  Oh, I see.

**J&J COURT TRANSCRIBERS, INC.**

1          MR. JOHNSON:  We note that local appellate rule 27.7

2  of the Third Circuit for an expedited motion requires seven

3  days for the opposition and three days for a reply.  So that's

4  ten days just to brief, and, you know, a similar time period

5  would be required under the -- by the District Court, plus you

6  need time to file papers, and for the Court to, you know,

7  consider these types of motions.  So we really need to have

8  some type of temporary stay if Your Honor's not inclined to

9  grant the motion for stay pending appeal.

10          THE COURT:  Well, there are procedures for expedited

11  matters before the District Court.

12          MR. JOHNSON:  Well, actually, I looked at the

13  District Court rules.  I did not -- and called the District

14  Court and asked the Clerk are there any standing orders or

15  general orders regarding expedited motions, and they said no,

16  and there's nothing in the local rules regarding expedited

17  motions.  But, you know, the Third Circuit Court of Appeals

18  requires at least ten days for the briefing schedule.  You

19  know, to be reasonable, a similar time period would be

20  appropriate for the District Court plus some time to get papers

21  prepared and on file and for the courts to rule.  Thank you,

22  Your Honor.

23          MR. CUNNINGHAM:  Your Honor, I think what we would

24  request on behalf of the Trust is that Your Honor deny his

25  motion for stay pending appeal -- his second motion for stay

**J&J COURT TRANSCRIBERS, INC.**

120

1  pending appeal.  If Your Honor wants to state in your order

2  that it is -- will be effected ten days after issuance, as Your

3  Honor did in the <u>Letstall</u> case, to allow them to go to the

4  District Court, then that's -- we're fine with that.

5          And with respect to the reserve order, Your Honor,

6  the agreement that we proposed last time is still on the table

7  today, and we would incorporate in Your Honor's ruling, if Your

8  Honor allows us to reduce the Schedule C-1 reserve, we will

9  provide language in that order that provides that we will re-

10  reserve in the event he -- when and if he prevails at the Third

11  Circuit, Your Honor.  And also we put in there the same ten-day

12  period.  If he wants to obtain a stay pending appeal of that

13  order, he has time to do that.  Thank you, Your Honor.

14          MR. JOHNSON:  Your Honor, I don't believe that it was

15  relief requested by anybody.  I mean that was a suggestion that

16  the Trustee made in opposition that, well, maybe we could

17  allocate some preference proceeds and, you know, good luck to

18  the credit claimants.  But that's not relief requested.  In the

19  relief requested is a motion for stay pending appeal, and short

20  of that a 40-day stay is what really is needed to get these

21  motions before the District Court and the Third Circuit, you

22  know, should the District Court deny it.

23          MR. CUNNINGHAM:  Your Honor, a clarification on that.

24  That's not correct.  There is a pending motion before Your

25  Honor.  It's basically a cross motion as we put in our agenda

**J&J COURT TRANSCRIBERS, INC.**

121

1  letter to item 32.  Our response to his motion is the IT

2  litigation trust Trustee's motion to modify the reserve order

3  with respect to the claims of the Accardi claimants and renewed

4  objection to the motion of claimants -- the Accardi claimants.

5  So there is a pending motion we think procedurally, Your Honor,

6  and he has had adequate time to respond to that, and he did

7  respond to it.

8        THE COURT:  All right.  Let me do this.  I will deny

9  the request for a stay pending appeal based on the standards I

10 think that when I denied it last time the District Court had

11 not acted.  I think the District Court has confirmed my opinion

12 of the probability of success on the merits.

13       With respect to the public policy, I don't think

14 there's an issue.  With respect to the balance of harms, while

15 I recognize that the Accardi claimants have the risk that if

16 they prevail there may not be a recovery for them, I think that

17 risk is slight given the current pendency of claims in excess

18 of $70 million that the estate is prosecuting and balancing

19 that against the requirement to reserve for a claim that has

20 been disallowed --

21       MR. JOHNSON:  Is it 70, Your Honor, or 20?

22       THE COURT:  It's 20 million plus 50 million in

23 insurance proceeds, the DNO litigation.

24       MR. JOHNSON:  Does Your Honor --

25       THE COURT:  I'm not through, and I'd appreciate

**J&J COURT TRANSCRIBERS, INC.**

289

122

waiting until I'm through.  Well, I've lost the train of

thought now.  But I believe that the balance of harms, again

given the fact that the plan does not require any reserve for

disputed claims, I think the harm to the estate is that the

plan is not being complied with, and that other creditors are

being disadvantaged.

    I also question whether I even have jurisdiction to

grant a stay of the District Court order to the Third Circuit,

but I will grant or I will provide that my order will not be

effective for ten days from today under Rule 9014 incorporating

7062.  I think that's appropriate.

    With respect to the Trust's offer that they will re-

reserve in the event that they lose, I think that's a -- that

is appropriate, because if, in fact, the Third Circuit decides

against the Trust, there would be the possibility that there

would be a priority claim, and, therefore, it would be

appropriate to reserve before any further distributions.  But I

won't order it at this time given the status of the case.

    MR. JOHNSON:  And if we succeed on appeal, then is

Your Honor committing, or do we need to -- do we need to make a

motion to require the Trustee to re-reserve, or should that be

done automatically?  Because the Trustee's --

    THE COURT:  That should be done automatically.

    MR. JOHNSON:  Automatically?  Your Honor, as to the

26th omnibus objection, we -- is there any objection that no

**J&J COURT TRANSCRIBERS, INC.**

123

1  separate appeal would be required?

2         THE COURT:  Is there any objection at this point

3  given my ruling on the reserve motion?

4         MR. CUNNINGHAM:  No objection, Your Honor.

5         THE COURT:  All right.

6         MR. JOHNSON:  Is there any objection to consolidation

7  of the proofs of claim?

8         MR. CUNNINGHAM:  No objection, Your Honor.  And I

9  believe, as I said, Your Honor is upholding our first objection

10 to characterize them as general unsecured claims.  I think Your

11 Honor already resolved that.

12        THE COURT:  Yes.

13        MR. JOHNSON:  But if we succeed on appeal, then, Your

14 Honor, the instant the Trustee has the opinion or order in his

15 hand, the Trustee re-reserves immediately.

16        MR. CUNNINGHAM:  I think Your Honor just said you

17 weren't going to order that.

18        THE COURT:  Yes, that will be in the order.

19        MR. JOHNSON:  The Court's not going to order that

20 now, but the Trustee should do that automatically should that

21 occur.

22        THE COURT:  I'm directing that the Trustee in the

23 event the Third Circuit decides against the Trust that it will

24 re-reserve.

25        MR. JOHNSON:  Thank you, Your Honor.  Should that be

                    **J&J COURT TRANSCRIBERS, INC.**

1 in the -- should that be in which order, the order denying the

2 motion for stay pending appeal?

3          THE COURT:  Yes.

4          MR. JOHNSON:  So all these orders should be submitted

5 under certification of counsel?

6          THE COURT:  Yes.

7          MR. JOHNSON:  Thank you, Your Honor.  Your Honor, one

8 more thing, Your Honor.  You said that your order is not going

9 to be effective for ten days.  I mean does that mean that I get

10 -- and that 7062(a) applies.  Does that mean we're talking

11 about a total of 20 days?

12          THE COURT:  No, we're talking about ten days.

13          MR. JOHNSON:  Ten days to get the papers on file with

14 the District Court and to get a further stay.

15          THE COURT:  Yes.

16          MR. JOHNSON:  Thank you, Your Honor.

17          MR. CUNNINGHAM:  Thank you, Your Honor.  We will

18 settle a form of order, and I hope this would be plain vanilla,

19 but also my same concern applies, and if we can't agree on a

20 form of order, we will contact chambers to see if we can

21 resolve it quickly.  Thank you, Your Honor.

22          MR. JOHNSON:  Your Honor, that would -- any type of

23 hearing on that would have to be, you know, this week I would

24 think in order to get this -- in order to -- no.  No.  No.

25 That's it.  Never mind, Your Honor.  Thank you.

**J&J COURT TRANSCRIBERS, INC.**

127

1           THE COURT:  Okay.

2           MS. CRUZ:  Okay, and with that, that concludes all of

3    our matters.

4           MR. JOHNSON:  One more thing, Your Honor, with

5    respect to the denial of stay pending appeal.  We're required

6    to in the courts above provide a statement of reasons, if one

7    is provided from the lower courts, and, can Your Honor include

8    a statement of reasons in the order that --

9           MR. CUNNINGHAM:  I think Your Honor just stated them

10   on the record.  We'll incorporate them in the form of order.

11          MR. JOHNSON:  It would just make it easier than

12   getting an expedited transcript.

13          THE COURT:  Well, I'm not going to draft an order.

14          MR. JOHNSON:  Well, understood.  All right.  Thank

15   you, Your Honor.

16          THE COURT:  All right.

17          MR. CUNNINGHAM:  I'll see if I stand corrected.  I

18   think that concludes everything, Your Honor.

19          THE COURT:  We'll stand adjourned.

20          MR. CUNNINGHAM:  Thank you.

21          THE COURT:  Thank you.

22                         * * * * *

23

24

25
                    **J&J COURT TRANSCRIBERS, INC.**

**CERTIFICATION**

I, PATRICIA C. REPKO, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter to the best of my ability.


/s/ Patricia C. Repko          Date:  September 14, 2005
PATRICIA C. REPKO
J&J COURT TRANSCRIBERS, INC.


**J&J COURT TRANSCRIBERS, INC.**