EXHIBIT "19"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE IT GROUP, INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 02-10118 (MFW)<br>)<br>) Jointly Administered<br>)<br>) **Objection deadline: August 30, 2005 at 4:00 p.m.**<br>) **Hearing date: September 6, 2005 at 4:00 p.m.** |

### MOTION OF THE IT LITIGATION TRUST TRUSTEE FOR AN ORDER AUTHORIZING FIRST DISTRIBUTION TO HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS AND APPROVING A DISTRIBUTION MATRIX OF GENERAL UNSECURED CREDITORS

The IT Litigation Trust (the "Trust"), successor to The IT Group, Inc. and its affiliated debtors (collectively, the "Debtors"), by and through its trustee, AlixPartners LLC ("AlixPartners" or the "Trustee"), and its undersigned counsel, hereby files this motion (the "Motion") pursuant to 11 U.S.C. §§ 105 and Rules 3001, 3003 and 3021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order (i) Authorizing First Distribution to Holders of Allowed General Unsecured Claims ("Allowed General Unsecured Claims") and Approving a Distribution Matrix of General Unsecured Creditors, and in support thereof respectfully represents as follows:

### PRELIMINARY STATEMENT

1. To facilitate calculation of an initial distribution ("Initial Distribution") to general unsecured creditors, the Trustee has generated a master distribution matrix (the "Distribution Matrix"), annexed as Exhibit A to the proposed order attached hereto (the "Proposed Order"), which identifies all general unsecured creditors along with the corresponding maximum amount claimed by each. By its Motion, the Trustee seeks an order (i) approving the Distribution Matrix, (ii) authorizing the Trustee to make the Initial Distribution to the creditors who are listed

598188v1

296

on the Distribution Matrix as undisputed and (iii) barring all creditors listed on the Distribution Matrix from increasing the amount or changing the nature of their claims as listed thereon.

2. The Distribution Matrix was prepared by AlixPartners and is based upon the Debtors' schedules, prior Orders of this Court allowing Claims, Orders of this Court approving stipulations with creditors, as well as the proofs of claim filed against the Debtors' estate which have not been disallowed.[1] Claims that have been disallowed by Order of this Court are not included in the Distribution Matrix.

## BACKGROUND

### A. The Chapter 11 Cases

3. On January 16, 2002 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their respective chapter 11 cases (the "Chapter 11 Cases"), which are being jointly administered.

4. On May 24, 2002, the Bankruptcy Court entered an Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notices Thereof (the "Bar Date Order"), fixing July 15, 2002 (the "Bar Date") as the last date for all persons or entities holding a Claim (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors to file proofs of claim in these Chapter 11 Cases.

5. On or before June 15, 2002, the Debtors' Notice Agent, Logan & Company, Inc. (the "Notice Agent" and "Claims Agent"), who maintains the register of proofs of claim filed in

---

[1] The maximum reserve amounts listed for the claims on the Distribution Matrix do not constitute an admission of liability or recognition of the actual amount owed. The Trustee reserves all rights to bring claim objections to any of the claims listed on the Distribution Matrix and to amend the schedules of assets and liabilities for any claim scheduled by any of the Debtors. In addition, the setting of a reserve does not signify that the claim is undisputed, in whole or in part.

598188v1                                2

Amount"). The Initial Distribution will equal the percentage of the Allowed Unsecured Claim Amount relative to the Aggregate Unsecured Claim Amount multiplied by the Available Funds.

$$\frac{\text{Allowed Unsecured Claim Amount}}{\text{Aggregate Unsecured Claim Amount}} \times \text{Available Funds} = \text{Distribution}$$

**F.    Estimated Distribution Percentage**

23. The Trustee has estimated that holders of Allowed General Unsecured Claims will receive a total distribution from the Debtors consolidated estates of less than 2% of the total claim amount identified on the Distribution Matrix.

**G.    Proposed Timing of Initial Distribution**

24. It is the Trustee's goal to make the Initial Distribution to holders of allowed unsecured claims in late October 2005. The ability of the Trustee to make the Initial Distribution will depend on the Court's disposition of the Continued Claim Objections and the Current Claim Objections. Therefore, the Trustee can make no assurance that the Initial Distribution can be effected in late October 2005 as intended.

**H.    Notice to General Unsecured Creditors Listed on the Distribution Matrix**

25. The Trustee will serve Notice of this Motion, substantially in the form attached hereto as Exhibit A, shall be served on all creditors listed on the Distribution Matrix. The Notice sets forth the relief requested by this Motion, identifies the response deadline, response procedure and Hearing date, and discloses the estimated distribution percentage and method of obtaining access to the Distribution Matrix.

26. The Distribution Matrix is available on the internet at www.loganandco.com (See "Case Information/Notices and Pleadings") and at CM/ECF (http://pacer.psc.uscourts.gov). A hardcopy of the Distribution Matrix may be obtained upon written request to the undersigned counsel.

598188v1                                  7

## RESERVATION OF RIGHTS

30. Nothing contained in this Motion shall be deemed an admission by the Trustee of liability on any Claims against the Debtors' consolidated estates or the Trust, and the Trustee does not waive any rights against any party. The Trustee reserves all rights, including, without limitation: (a) the right to object to Claims of creditors listed on the Distribution Matrix, including amended claims or any other claim now or hereafter asserted; (b) the right to amend the schedules of assets and liabilities for any claim scheduled by any of the Debtors, (c) the right to bring avoidance actions under applicable sections of the Bankruptcy Code or other applicable law; and (d) to enforce any rights of setoff and recoupment against holders of Claims of creditors listed on the Distribution Matrix. Separate notice and a hearing will be scheduled for any such Future Claim Objection.

## NOTICE

31. The Trustee will serve copies of this Motion on: (a) the Office of the United States Trustee and (b) each person or entity who requested service of notices pursuant to Bankruptcy Rule 2002(i). Notice of this Motion, as described above, shall be served on all creditors listed on the Distribution Matrix. The Distribution Matrix is available on the internet at www.loganandco.com (See "Case Information/Notices and Pleadings") and at CM/ECF (http://pacer.psc.uscourts.gov). A hardcopy of the Distribution Matrix may be obtained upon written request to the undersigned counsel.

32. The Trustee submits that notice of this Motion in this manner is sufficient and proper and that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order (a) granting the Motion in its entirety, (b) authorizing the Initial Distribution, (c) approving the

Distribution Matrix, (d) barring creditors receiving notice of this Motion from changing the amount and nature of the Claims listed on the Distribution Matrix, and (d) granting the Trust such other and further relief as is just and proper.

Dated: August 17, 2005
      Wilmington, Delaware

THE BAYARD FIRM

By: /s/ Eric M. Sutty
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

-and-

John K. Cunningham
Ileana A. Cruz
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700

Counsel for the Trust

598188v1

10

300