## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**THE IT GROUP, INC.,** *et al.*<br><br>    Post-Confirmation Estate.<br><br>---<br><br>**JOHN ACCARDI,** *et al.,*<br><br>    Movants/Appellants,<br><br>    v.<br><br>**IT LITIGATION TRUST, successor in interest to IT CORPORATION, IT GROUP, INC., and their subsidiaries in bankruptcy, ANTHONY DeLUCA, FRANCIS HARVEY, HARRY SOOSE, and CARLYLE PARTNERS II, LP,** *et al.,*<br><br>    Respondents/Appellees.<br><br>---<br><br>**ROCHELLE BOOKSPAN**,<br><br>    Movant/Appellant,<br><br>    v.<br><br>**IT LITIGATION TRUST, successor in interest to THE IT GROUP, INC.,** *et al.,*<br><br>    Respondents/Appellees. | Chapter 11<br><br>Bankruptcy Case No. 02-10118 (MFW)<br><br>Jointly Administered<br><br><br><br>Civ. No: 04-146 (JJF) (lead case)<br>[consolidated with Civ. No. 04-147 (JJF)]<br><br>**Emergency Relief Requested**<br>**On October 14, 2005** |

**EMERGENCY MOTION FOR SUPPLEMENTAL ORDER
CLARIFIYING/RECONSIDERING MEMORANDUM ORDER STAYING DENIAL
OF STAY**

Twenty-nine (29) participants in the IT Corporation Deferred Compensation Plan, John Accardi, *et al.*, and also Rochelle Bookspan ("Bookspan") (collectively the "*Accardi Appellants*" or "Movants"), hereby move *ex parte* and on an emergency basis pursuant to Fed. R. Civ. Proc. 60(a) for clarification/reconsideration of the District Court's order entered October 13, 2005 (D.I. # 38), on the grounds that while it appears the District Court intended to grant the *Accardi Appellants* temporary relief to permit their appeal to move forward with the risk of their alleged priority claims being equitably mooted, the relief actually provided by the District Court, staying the District Court's denial of the stay, does not protect the Accardi Appellants from the IT Trustee equitably mooting their alleged priority claims during the time period granted for seeking a stay from the Court of Appeals for the Third Circuit, through October 26, 2005 ("Emergency Motion for Reconsideration"). Absent entry of a supplemental order clarifying/reconsidering the Memorandum Order <u>on Friday October 14, 2005</u>, the Accardi Appellants will have no choice but to file an emergency motion for stay with the Court of Appeals on Friday October 14, 2005, seeking that a temporary stay be entered on or before Monday October 17, 2005.

**FACTS**

1.  On July 8, 2004, the United States Bankruptcy Court, District of Delaware entered a reserve order ("Reserve Order"), in the bankruptcy case of the IT Group, Inc. (Case No. 02-1-0118 (MFW)), that requires Alix Partners LLC, trustee of the IT Litigation Trust ("IT Trustee") to reserve for the alleged priority and secured claims of the Accardi Appellants for unfunded contributions in the amount of $3,146,427.83 plus interest ("Schedule C-1 Reserve").

2.  On October 7, 2005 (D.I. 6332), the United States Bankruptcy Court entered an order in the bankruptcy case of the IT Group, Inc. (Case No. 02-10118 (MFW)) that

permits the IT Trustee to release a reserve of approximately $3,146,427.93 plus interest (the "Schedule C-1 Reseve") that was being held for the alleged priority claims of the Accardi Appellants for unfunded contributions owing to the IT Deferred Compensation Plan. ("Reserve Modification Order")  The Reserve Modification Order also arguably permits the IT Trustee to distribute the funds in the Schedule C-1 Reserve in accordance with the plan of liquidation confirmed by the Bankruptcy Court on April 5, 2004.  (See Exhibit "1" at 12)

3. The Reserve Modification Order grants a temporary stay of the order in its entirety for a period of ten (10) days, through and including Monday October 17, 2005.

4. On Tuesday October 11, 2005, the *Accardi Appellants* filed an emergency motion for stay pending appeal captioned: "Emergency Ex-Parte Request Of The Accardi Appellants And Rochelle Bookspan For Temporary Stay Of Order Releasing It Trustee From Reserve Order And Authorizing Distribution Of Schedule C-1 Reserve, And For Order Setting Briefing Schedule; Motion For Stay, Pending Appeal, Of Enforcement Of Orders Dismissing Adversary Proceedings, Of Order Releasing It Trustee From Reserve Order And Authorizing Distribution Of Schedule C-1 Reserve; Request In The Alternative For Temporary Stay Pending Filing Of Request For Emergency Stay With United States Court Of Appeals For The Third Circuit"  (the "Motion for Stay") (D.I. # 37)

5. In the Motion for Stay the *Accardi Appellants* requested as alternative relief a temporary stay of the Bankruptcy Court's Reserve Modification Order so that they would have time to prosecute their appeal without their priority claims being at risk of equitable mootness due to unilateral action by the IT Trustee in distributing the Schedule C-1 Reserve to thousands of creditors.  The Motion for Stay and the 26 exhibits accompanying therewith are voluminous (336 pages long) and are incorporated herewith by reference.

6. On October 13, 2005, the District Court entered a "Memorandum Order" that denied the Motion for Stay ("Memorandum Order") (DI # 37). The District Court appears want to grant the *Accardi Appellants* temporary relief so that they can prosecute their appeal to the Third Circuit without their claims being equitably mooted by the IT Trustee:

> "Accordingly, the Court will stay this Order denying a stay, for a period of approximately ten (10) to allow Appellants an opportunity to file an appeal of the decision to deny a stay pending appeal with the Third Circuit. . . .
> . . . .
> 2. This Order is stayed until October 26, 2005, to allow Appellants time to seek a stay from the Court of Appeals for the Third Circuit."

(Ex. "2" at 021)

**ARGUMENT/REQUEST FOR RELIEF**

**A. The Relief Provided in the Order—Staying Until October 25, 2005, the Denial of the Stay—Will Not Prevent, On a Temporary Basis, the Equitable Mootness of the Accardi Appellants Alleged Priority Claims.**

Emergency reconsideration of Memorandum Order is appropriate to supplement the Memorandum Order to reflect the actual intention of the District Court pursuant to Fed. R. Civ. Proc. 60(a).[1] It appears from the grant of the 10-day stay in the Memorandum Order, through October 26, 2005, that the District Court intended to provide a temporary stay that would protect the Accardi Appellants while they seek a stay from the Third Circuit. However, the relief provided in this order is not sufficient to protect the Accardi Appellants. The Bankruptcy Court's Reserve Modification Order (Exhibit "1" at 12) arguably permits the

---

[1] Federal Rule of Civil Procedure 60(a) authorizes relief from a clerical mistake. A judge may use Rule 60(a) "to make an order reflect the *actual intentions of the court*, plus necessary implications." *Whitemere Dev. Corp. v. Cherry Hill,* 786 F.2d 185, (3d Cir. 1986) ("Rule 60(a) allows a court to correct clerical mistakes and orders at any time, on its own initiative or on motion of a party. [citing] 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854 ("If the intention of the judge to include a particular provision in the judgment was clear, but he neglected to include the provision, the rule authorizes correction of the judgment.").

3

IT Trustee to release the Schedule C-1 Reserve of approximately $3,146,427.93 plus interest, and to distribute the funds in accordance with the plan of liquidation confirmed by the Bankruptcy Court on April 5, 2004.  The Memorandum Order, however, provides for a temporary ten-day stay of the District Court's own order denying the stay; a stay of the Reserve Modification Order is not mentioned.  The relief granted by the District Court will not prevent the IT Trustee from attempting to equitably moot the alleged priority claims of the *Accardi Appellants* for unfunded contributions owing to the IT Corporation Deferred Compensation Plan.  Absent a stay of the Reserve Modification Order, the IT Trustee could still distribute the $3.1+ million in funds constituting the Schedule C-1 Reserve under the Reserve Modification Order.  Unless the District Court clarifies its Memorandum Order, and enters a supplemental order granting a temporary stay through October 26, 2005, of the Reserve Modification Order, the Accardi Appellants will have no choice but to file an emergency motion with the U.S. Court of Appeals for the Third Circuit, seeking a stay of the Reserve Modification Order pending appeal.  As it appears the District Court intended to provide the Accardi Appellants with some protection to prevent this from happening, the Accardi Appellants request that a supplemental order be entered extending the temporary stay to cover the Reserve Modification Order through October 26, 2005.

**RELIEF REQUESTED**

For the foregoing reasons, the *Accardi Appellants* respectfully request that the Emergency Motion for Reconsideration be granted; that the District Court sign the Proposed Order attached; and that the District Court grant such further and additional relief as is appropriate under the circumstances.

///

Dated: Santa Barbara, California
      October 13, 2005                    */s/ Thomas A. Johnson*     .
                                                Thomas A. Johnson (Cal. Bar 158270)
                                                Law Offices of Thomas A. Johnson
                                                33 West Mission St., Suite 201
                                                Santa Barbara, CA 93101
                                                (805) 682-2600

                                                */s/ John Stull*     .
                                                John M. Stull
                                                1300 N. Market Street
                                                Wilmington, DE 19899-1947
                                                (302) 654-0399

                                                Attorneys for *Accardi Appellants*

**Statement Regarding Compliance with D. Del. L.R. 7.1.1.**

The undersigned contacted counsel for the IT Trustee, John Cunningham, Esq., Ileana Cruz, Esq., Eric Sutty, Esq., and Jeffrey Schlerf, Esq., by e-mail and facsimile on October 13, 2005, between 2:35 p.m. PT and 2:50 p.m. PT, requesting that the IT Trustee agree to entry of a supplemental order staying until October 26, 2005, the Bankruptcy Court's order entered October 7, 2005 (DI 6332). As of the filing of the instant motion, no response had been received. Because of the emergency nature of the request, the deadline for expiration of the stay in two business days, on October 17, 2005, and the minimal time left for preparing papers for filing with the Third Circuit, and for the Third Circuit Judges to review any emergency motion filed, counsel for the Accardi Appellants request that its client be excused from full compliance with D. Del. L.R. 7.1.1.

Dated: Santa Barbara, California
October 13, 2005

*/s/ Thomas A. Johnson*              .
Thomas A. Johnson (Cal. Bar 158270)
Law Offices of Thomas A. Johnson
33 West Mission St., Suite 201
Santa Barbara, CA 93101
(805) 682-2600