EXHIBIT "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE IT GROUP, INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 02-10118 (MFW)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket Nos. 5814, 5834, 6221, 6232, 6234, 6244<br>) |

### ORDER (I) SUSTAINING THE IT LITIGATION TRUST TRUSTEE'S TWENTY-SIXTH OMNIBUS OBJECTION: SUBSTANTIVE OBJECTIONS PURSUANT TO 11 U.S.C. §§ 502, 503(b), 506 AND 507(a) AND FED. R. BANKR. P. 3001 AND 3007 TO THE CLAIMS OF THE ACCARDI CLAIMANTS RECLASSIFYING SUCH CLAIMS AS GENERAL UNSECURED CLAIMS, (II) GRANTING THE ACCARDI CLAIMANTS' MOTION TO CONSOLIDATE PROOFS OF CLAIM WITH ACCARDI ADVERSARY PROCEEDING, (III) GRANTING THE IT LITIGATION TRUST TRUSTEE'S MOTION TO MODIFY RESERVE ORDER DATED JUNE 4, 2004, AND (IV) DENYING ACCARDI CLAIMANTS' MOTION FOR STAY PENDING APPEAL

Upon the (i) Twenty-Sixth Omnibus Objection: Substantive Objections Pursuant to 11 U.S.C. §§ 502, 503(b), 506 and 507(a) and Fed. R. Bankr. P. 3001 and 3007 to Certain Claims (the "26th Omnibus Objection"), filed by the IT Litigation Trust Trustee (the "Trustee") of the IT Litigation Trust (the "Trust"), successor to above-captioned debtors (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Cases") [Docket No. 5814], (ii) Motion to Consolidate Proofs of Claim with the Accardi Adversary Proceeding, for Order that No Appeal is Required with Respect to Any Order Sustaining the Trustee's 26th Omnibus Claims Objection, and to Stay Enforcement of Judgment of Dismissal, Requesting that Federal Rule of Bankruptcy Procedure 7062(a) Apply to Contested Matters and Request for Temporary Stay under Federal Rule of Bankruptcy Procedure 8005 [Docket Nos. 6221, 6234] (as amended, the "Motion to Consolidate" and "Motion for Stay Pending Appeal") filed by twenty-nine claimants and Rochelle Bookspan (collectively, the

603899v1

014

"Accardi Claimants"), and (iii) the IT Litigation Trust Trustee's (I) Motion to Modify the Reserve Order with Respect to Claims of Accardi Claimants and (II) Renewed Objection to the Motion to Consolidate and Stay Pending Appeal [Docket No. 6232] (the "Reserve Motion"[1] and collectively with the Motion to Consolidate and the Motion for Stay Pending Appeal, the "Motions"); and the Court having considered the 26th Omnibus Objection and the Motions, exhibits and objections filed with respect thereto; and the Court having held a hearing on the 26th Omnibus Objection and the Motions on September 6, 2005 (the "Hearing"); and based upon the entire record of the Hearing, including the arguments and representations of counsel; and it being found that this Court has jurisdiction and venue is appropriate in this Court; and it appearing that good and sufficient notice of the 26th Omnibus Objection and the Motions having been given and no further notice need be provided; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby:

FOUND THAT:

A.  The 26th Omnibus Objection and the Motions constitute core proceedings under 28 U.S.C. § 157(b)(2).

B.  By orders dated February 2004 (the "Dismissal Orders"), the Court granted the Debtors' motions to dismiss with prejudice two certain adversary proceedings filed with this Court by the Accardi Claimants styled John Accardi et al v. IT Litigation Trust, Adv. No. 02-05486 (MFW) (the "Accardi Adversary") and The IT Group, Inc., et al. v. Rochelle Bookspan, Adv. No. 02-4756 (MFW) (the "Bookspan Adversary," collectively, with the Accardi Adversary, the "Accardi Actions");

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Reserve Motion.

603899v1

2

015

C.  The Accardi Actions assert various alleged priority and ~~other~~ secured claims against the Debtors (the "Accardi Claims") to recover ~~certain benefits~~ unfunded contributions allegedly due to the Accardi Claimants under the IT Corporation Deferred Compensation Plan (the "Deferred Compensation Plan"). Pursuant to the Dismissal Orders, the Court found and concluded that the Deferred Compensation Plan is an unfunded "top hat" plan and that the Accardi Claims under the Deferred Compensation Plan are pre-petition general unsecured claims against the Debtors.

D.  In February 2004, the Accardi Claimants appealed the Dismissal Orders to the United States District Court for the District of Delaware (the "District Court").

E.  By order dated April 5, 2004 (the "Confirmation Order"), the Court confirmed the First Amended Joint Chapter 11 Plan for the IT Group, Inc. and its Affiliated Debtors Proposed By the Debtors and the Committee (the "Plan"). In entering the Confirmation Order, this Court overruled the Accardi Claimants' objections to confirmation of the Plan. The Accardi Claimants did not appeal the Confirmation Order, which is now final. ~~At the Hearing, counsel for the Trustee and the Accardi Claimants acknowledged that~~ the Plan does not require a reserve be established for disputed priority claims.

F.  By order dated July 8, 2004 (the "Reserve Order"), the Court granted the Trust's Motion for Authorization to (a) Reduce the Payable Amount of Certain Paid Claims, (b) Reduce the Reserve Amount for Certain Setoff Claims, and (c) Set a Maximum Reserve Amount for All Unresolved Secured, Administrative and Priority Claims. Pursuant to the Reserve Order, the Trustee ~~and the Accardi Claimants~~ voluntarily agreed at that time to a reserve amount for the claims of the Accardi Claimants in the amount of $3,146,427.83 (the "Schedule C-1 Reserve"). Paragraph 5 of the Reserve Order decreed that such order "is without prejudice to the right of the

Trustee to request by motion a further reduction of any of the amounts set forth on Exhibits A, B, or C (including Schedule C-1)."

G.  By order dated March 31, 2005 (the "District Court Order"), the District Court affirmed the Dismissal Orders and ruled, among other things: "The Bankruptcy Court correctly concluded that the [Deferred Compensation] Plan was unfunded within the meaning of ERISA. The Bankruptcy Court's conclusion is supported by the express language of the Plan and the Trust, the tax treatment of the Plan by the Internal Revenue Service which is to be afforded weight, and the actual lack of funds deposited in the Trust." District Court Order at 7.

H.  In April 2005, the Accardi Claimants filed a notice of appeal of the District Court Order to the United States Court of Appeals for the Third Circuit (the "Third Circuit Appeal").

I.  In April 2005, the Trustee filed the 26th Omnibus Objection seeking, among other things, to reclassify the claims of the Accardi Claimants as general unsecured claims against the Debtors in accordance with the Dismissal Orders and the District Court Order.

J.  The Trust is presently prosecuting estate causes of action, including preference actions and certain actions against the Debtors' former officers and directors and accountants in these Cases. Counsel for the Trust represented at the Hearing that such actions seek recoveries in an approximate aggregate amount in excess of $70 million (collectively, the "Estate Causes of Action").

K.  By affirming the Dismissal Orders, the District Court confirmed this Court's opinion that the Accardi Claimants lack probability of success on the merits of the issues raised in the Accardi Actions.

L.  No public policy issue exists in connection with the Motion for Stay Pending Appeal.

M. In the event the Third Circuit Appeal is decided against the Trust, the risk to the Accardi Claimants of non-recovery is slight given the current pendency of the Estate Causes of Action in excess of $70 million. The balance of harm falls on the estate as it is holding funds in reserve on account of disputed [disallowed] claims, which is not required under the Plan.

IT IS THEREFORE ORDERED THAT:

1. The 26th Omnibus Objection be, and hereby is, SUSTAINED, and the claims of the Accardi Claimants, listed on Exhibits C and D attached hereto, are reclassified as general unsecured claims in these Cases against the Debtors, consistent with the Dismissal Orders.

2. The Claims Agent is hereby authorized and directed to reclassify the Accardi Claims pursuant to paragraph (1) of this Order.

3. The Motion to Consolidate be, and it hereby is, GRANTED.

4. This Order shall be consolidated with the Third Circuit Appeal and no separate appeal of this Order is required.

5. The Reserve Motion be, and it hereby is, GRANTED, and the Reserve Order is hereby modified to provide that the [Trustee no longer needs to maintain the] Schedule C-1 Reserve [and any funds therein] may be distributed by the Trust in accordance with the Plan.

6. The Motion for Stay Pending Appeal be, and it hereby is, DENIED.

7. Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, as made applicable hereto by Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be stayed, and shall not be enforceable, until ten (10) days from the entry of this Order and no bond shall be required with respect to such stay.

018

8.  In the event the Third Circuit Appeal is decided in favor of the Accardi Appellants, the Trust shall immediately and without further order of the Court re-reserve funds into the Schedule C-1 Reserve from (I) cash held on account of Estate Cause of Action Recoveries, (ii) Avoidance Action Recoveries, and (iii) from unreserved Available Proceeds (as such terms are defined under the Joint Plan) that is held by the Trust at the time the order is entered by the Third Circuit or is subsequently received.

9.  This Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

                                                                          Honorable Mary F. Walrath
                                                                          United States Bankruptcy Judge

Dated: October 7, 2005

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. Bankruptcy Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from LCN, entered on 10/7/2005 at 3:40 PM EDT and filed on 10/7/2005
**Case Name:** The IT Group, Inc.
**Case Number:** 02-10118-MFW
**Document Number:** 6332

**Docket Text:**
Order (I) Sustaining the IT Litigation Trust Trustee's Twenty-Sixth Omnibus Objection: Substantive Objections to the Claims of the Accardi Claimants Reclassifying Such Claims as General Unsecured Claims, (II) Granting the Accardi Claimants' Motion to Consolidate Proofs of Claim With Accardi Adversary Proceeding, (III) Granting the IT Litigation Trust Trustee's Motion to Modify Reserve Order Dated June 4, 2004 and (IV) Denying Accardi Claimants' Motion for Stay Pending Appeal. (related document(s)[5834], [5814], [6221], [6232], [6234], [6244] ) Order Signed on 10/7/2005. (LCN, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** T:\LCN\Scanning\19.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=10/7/2005] [FileNumber=4223738-0]
[40618419f759301cf04d6d34c8eeb932187087e15dea78222ab173d8219924e8ca99
19d27d96bdc2a6bca8a8267c8c2d8232e09d12a44a020d7b00e77d979ed1]]